LEE & HARDY   that the plaintiff recover the land mentioned in the petition,
vs.    but that no writ of possession issue herein, until the plain-
RICE ET AL.   tiff shall pay the defendant, or deposit in the District Court
for their use, six hundred and twenty-five dollars, the
amount of the privilege the for work done upon the land,
and that the defendants pay the costs in both courts.

LEE & HARDY *vs.* RICE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The petition must contain the name and surname of the plaintiff: it is
insufficient, to give *only* the *initials* of the christian name.

The exception, showing that only the initials of the plaintiff's christian
name are stated in the petition, will be sustained, and the case remanded.

This is an action on a promissory note. The plaintiffs
style themselves in their petition, George M. Lee and P. A.
Hardy, and allege the defendants are indebted to them in
the sum of five thousand dollars, on an endorsed promissory
note, for which sum they pray judgment.

The defendants pleaded a general denial, and require strict
proof of the demand, and of the plaintiffs' title to the note.

These respondents further answering, say, "that this suit
should have been instituted in the full christian names of
the petitioners, and not in the manner in which they have
commenced it, etc." They pray that the petitioners' claim
be rejected.

The objections to the petition set up in the answer, were
overruled, and from judgment given against the defendant,
Rice, he appealed.

*Locket,* for the plaintiffs...

*Eggleston,* for the defendants and appellant.

*Martin, J.,* delivered the opinion of the court.

The defendant, Rice, is appellant from a judgment on his promissory note; he pleaded the general issue, and that the plaintiffs had not set out their full christian names. He required the plaintiffs to prove their title to the note. The plaintiffs in the petition are called George M. Lee and P. A. Hardy.

The Code of Practice, article 172, No. 1, requires, that the petition contain the name and surname of the plaintiff. In that under consideration, the plaintiff, Hardy's surname is only given. We have only the initials P. A. instead of his other or christian name. These letters may signify Peter Anthony, Paul Andrew, or any other names having the same initials. This is not a sufficient compliance with the law: and the District Court, in our opinion, erred, in disregarding the defendant's exception in this respect.

The petition must contain the name and sur-name of the plaintiff: It is insufficient, to give *only* the *initials* of the christian name.

The exception, showing that on-ly the initials of the plaintiff's christian name are stated in the petition, will be sustained, and the case re-manded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded for further proceedings according to law, and that the plaintiff and appellee pay the costs of the appeal.