PARMELY ET AL *vs.* BRADBURY.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The want of the christian name of the defendant in the petition, if it be a dilatory exception, is waived by a plea to the merits.

The refusal or failure of the garnishees to answer interrogatories concerning property of the defendant attached in their hands, is to be taken as a legal confession of sufficient property in their hands to satisfy the attachment, and to bring the defendant into court.

The law does not require an order of court to the garnishee, directing him to answer interrogatories ; the service of a copy of the petition containing the interrogatories, and citation, are a sufficient warning for him to answer.

Where the appellee prays to have judgment so amended, as to give him ten per cent. damages on a protested bill of exchange, he cannot have damages for a frivolous appeal.

This is an action on a protested bill of exchange, drawn by the defendant, in New-Orleans, on Hoopes & Bogart, in Mississippi.

The petition alleges, that H. Bradbury, residing in Tennessee, the drawer of said bill, is indebted to the plaintiffs for

the amount, with damages, interest and costs; and that an attachment issue against property of the defendant in the hands of Forsyth, Goodwin & Co., and that they be served with process, as garnishees, and ordered to answer interrogatories annexed to the petition, touching the property of the defendant in their hands.

There was no defence, except a general denial, put in by the attorney appointed to defend, and judgment was rendered against the defendant for the amount of the bill sued on, to be paid by privilege on the property attached in the hands of the garnishees.

A rule was taken on the garnishees to show cause why they should not pay over to the plaintiffs the amount of the judgment. The garnishees failed to appear and answer to the rule, which was made absolute, and judgment rendered against them for the amount of the plaintiff's claim. Both the defendant and garnishees appealed.

*Strawbridge*, for the plaintiff, prayed that the judgment be so amended, as to give him ten per cent. damages on the bill of exchange; and that it be affirmed, with ten per cent. damages, as for a frivolous appeal.

*Wharton*, for the appellants, assigned for error, that the petition did not state the christian name of the defendant, and should be dismissed, as he was not in court either by his person or property.

2. There was no order of court directing the garnishees to answer the interrogatories.

3. Judgment against the garnishees was erroneously given. If they had property in their hands of the defendant, it could only be reached by a seizure under execution.

*Martin, J.*, delivered the opinion of the court.

The defendant and garnishees are appellants from judgments against them, they both relying on assignment of errors. That of the defendant is, that the petition does not state his christian name; that he was not in court, as no property of his was attached.

EASTERN DIST.
April, 1839.

PARMELY ET AL.
vs.
BRADBURY.

The absence of his christian name, if it could afford a dilatory exception, was waived by a plea to the merits. The Code of Practice requires, indeed, that the plaintiff's name and surname should be stated in the petition ; but it requires only the name of the defendant. The petition states the ini-' tial letter of the first, or christian name of the defendant, and his surname.

The record shows, that the sheriff returned that he had served a copy of the petition and citation on the garnishees, and attached the defendant's property in their hands. The garnishees neglected to appear or file an answer to the interrogatories. The sheriff's return was made on the 3d Monday of May, 1837 : the day of the service on the garnishees is not stated ; the petition and citation came to the sheriff's hands on the 5th of that month. On the 23d of April, 1838, a rule was served on the garnishees to show cause why judgment should not be entered against them ; and on the 28th of the same month, the rule was made absolute. The judgment against the defendant had been signed on the 13th January, preceding. The Code of Practice, article 263, provides, that " If the garnishee to whom interrogatories have been put, refuse or neglect to answer the same under oath, in the delay of the law, such refusal or neglect shall be considered as a confession of his having in his hands, property belonging to the debtor, sufficient to satisfy the demand made against such debtor, and judgment shall be rendered against him for the amount claimed by the plaintiff, with interest and costs." The silence of the garnishees in the present case, was, therefore, a legal confession of their having in their hands sufficient property to satisfy the plaintiff's demand, liable to the attachment; the defendant, therefore, was in court.

The garnishees assign as error, that there is no order of court directing garnishees to answer the interrogatories ; that there is no legal authorization for the judgment against garnishees ; if they had in their hands property of defendant attached, the only avail was by a sale upon execution.

The law does not require any order of court to the gar-

*The want of the christian name of the defendant in the petition, if it be a dilatory exception, is waived by a plea to the merits.*

*The refusal or failure of the garnishees to answer interrogatories, concerning property of the defendant attached in their hands, is to be taken as a legal confession of sufficient property in their hands to satisfy the attachment, and to bring the defendant into court.*

*The law does not require an order of court to the garnishee, directing him to answer interrogatories ; the service of a copy of the petition, containing the interrogatories and citation, are sufficient warning for him to answer.*

EASTERN DIST.
*April*, 1839.

nishee. The copy of the petition containing the interrogatories, and the citation, are sufficient warning of the obligation under which he is to answer. His neglect or refusal, we have seen, is a legal *confession* of his having assets, and sufficient authority for a judgment against him, after the plaintiff established his claim against the defendant.

Where the appellee prays to have judgment so amended as to give him ten per cent. damages on a protested bill of exchange, he cannot have damages for a frivolous appeal.

The plaintiff has prayed, that the judgment be amended by the addition of damages, at the rate of ten per cent.; and to these he is entitled. He has also prayed for damages for the frivolous appeal ; but as he has availed himself of it to have the judgment amended, he cannot demand damages from the appellants, who have afforded him the opportunity of gaining by the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with the addition of one hundred and six dollars and four cents for damages, resulting from the protest of the bill, and costs in both courts.