ELDER *v.* ROGERS et als.

No special order to answer is necessary when the interrogatories are annexed to the petition, and the garnishees are duly cited.

The Act of 20th March, 1839, p. 168, assimilates parties cited under its provisions to garnishees, and makes them liable in the same manner. The garnishee must answer within the usual delay, and in case of his refusal or neglect to do so, it shall be considered as a confession of his having property in his hands belonging to the debtor sufficient to satisfy the demand. C. P. 262, 263.

It is in the sound discretion of the District Judges to rescind their interlocutory orders.

An order, rendered on an *ex parte* motion, that interrogatories be taken as confessed, is not a definitive judgment, and no formal motion for a new trial is necessary in order to have it set aside.

APPEAL from the District Court of the parish of Jackson. *Richardson,* J. *McGuire & Ray,* for plaintiffs and appellants. *Ludeling,* for defendant.

SPOFFORD, J. The plaintiff, having a judg nent against one *Rogers,* instituted proceedings, and cited *Bond* and *Turner,* as garnishees, under the Act of 20th March, 1839, p. 166. There was a judgment, from which the plaintiff has appealed. He complains that the District Judge erroneously set aside an order that the interrogatories propounded to the garnishees be taken *pro confessis,* allowing the garnishees to file their answers, and rendered a qualified instead of an absolute judgment against them.

The garnishees have moved to dismiss the appeal, because the original judgment debtor was not made a party. We do not perceive that he is interested in the controversy, and he is not a necessary party.

The garnishees have also joined in the appeal, and prayed for an amendment of the judgment in their favor.

It is true that no special order to answer is necessary when the interrogatories are annexed to the petition and the garnishees are duly cited. *Parmly v. Brusley,* 13 L. 354. The Act of 20th March, 1839, p. 168, assimilates parties cited under its provisions to garnishees, in attachment suits, and makes them liable in the same manner. The garnishee must answer within the usual delay, and if he refuse or neglect to answer interrogatories in the delay of the law, such refusal or neglect shall be considered as a confession of his having property in his hands belonging to the debtor sufficient to satisfy the demand. C. P. 262, 263.

And it has been held that no judgment by default, or even rule to show cause, is necessary to precede the final judgment, of which such neglect or refusal imports the confession. *Sturgess v. Kendall,* 2 An. 566; *Landry v. Dickson,* 7 An. 241.

But in this case there was no final judgment rendered before the garnishees tendered their answers. There was merely an interlocutory order that the interrogatories be taken as confessed. This order was rendered on an *ex parte* motion on the morning of the second day of the term. On the same day the garnishees tendered a motion to rescind the order to take the interrogatories *pro confessis,* accompanied by their affidavits of surprise, and explanatory of the circumstances which led to the apparent neglect. The next morning the Judge permitted the motion and affidavits to be filed, rescinded his previous order, and allowed the garnishees to put in their answers to the plaintiff's interrogatories; the plaintiff took his bill of exceptions.

It is in the sound discretion of the District Judges to rescind their interlocutory orders. The order in this case was not a definitive judgment, as contended by the appellant, and therefore no formal motion for a new trial was necessary.

Upon an examination of the affidavits, we do not find that the Judge abused his discretion in rescinding the order. A strong equitable case for relief was made out, and the course of practice in the District Court might have justified the apparent delay of the defendants. They seem to have answered before the case was reached in its order upon the docket as it was set for trial.

We do not think the appellees can justly complain of the judgment. It seems to have been rendered in pursuance of the statutes of 20th March, 1839, § 13, p. 166, and the reservation therein will enable them to exercise all the equitable rights they now claim when the proceeds come to be distributed.

Judgment affirmed.

MERRICK, C. J. Without expressing an opinion upon the question, whether the debtor has or has not an interest in the amount of the judgment against the garnishee, I concur in the affirmance of the judgment on the merits for the reasons assigned.