No. 621.—MARY E. TAYLOR, Wife, etc., v. AUGUSTUS W. LITTELL and H. M. WACKERHAGEN, Testamentary Executor.

The objection, that the petition does does not state the full name and residence of the plaintiff, must bo made in *limine litis* by dilatory exception.

The objection, that the plaintiff was not properly authorized to prosecute the action, must be pleaded specially in the court below.

The maker of a negotiable note has no interest in raising the question of the right of the payee to indorse it, as a payment to the indorsee and holder will protect him.

A judgment that has been rendered without a judgment by default being first taken is illegal and null.

Where a final judgment has been rendered on default, and appeal taken therefrom, the cause will not be remanded on the allegation without evidence that the consideration of the note sued on was the price of a slave

APPEAL from the District Court, parish of St. Landry. *Bailey, J. King & Mart n,* for plaintiff and appellee. *Dupree & Garland,* for defendants and appellants.

HOWE, J. The defendants have appealed from a judgment by default on a promissory note, and have presented a number of points for our consideration. They urge that the petition does not state the residence of the plaintiff nor her full name. This objection (if not entirely frivolous), should have been pleaded *in limine,* by dilatory exception. Parmely *v.* Bradbury, 13 La. 353.

They also object that plaintiff does not appear to have been properly authorized to prosecute the action, but this defense should also have been specially pleaded in the court below. Cochrane *v.* Miller, 10 Ann. 140.

They further contend that, as the note was made to the order of Eliza M. Taylor, *tutrix,* the payee had no right to indorse and transfer it to the plaintiff; but whether this right exist or not, we think they have no interest to raise this question. A payment to the plaintiff, indorsee, and holder, would sufficiently protect them. C. C. 2141; Bacon *v.* Smith, 2 Ann. 442; Nicholson *v.* Chapman, 1 Ann. 222.

The same answer may properly be made to the objection that the suit should have been brought by the plaintiff's-husband.

An examination of the record shows, however, that no default was ever taken against the defendant, Mrs. Wackerhagen, and the judgment therefore, purporting to have been made final after default, is, as against her, irregular and illegal, for want of issue joined. The counsel for appellee states that it was rendered by mistake.

The default against Littell seems to have been regularly entered and confirmed after the legal delays. The appellants assert in their brief that the obligation sued upon was given for the price of slaves, and urge that the cause be remanded, as to both defendants, in order that proof, of which there is none in the record, may be made on this point. We had occasion at the term lately held at Natchitoches, to consider

this question in the case of the succession of Tauzin, and held that under such circumstances the case could not be remanded.

For the reasons given, it is ordered and adjudged that the judgment appealed from, as to the defendant, Augustus W. Littell, be affirmed with costs; that, as to the defendant, Mrs. H. M. Wackerhagen, the said judgment be avoided and reversed, and the cause, as to her, be remanded to be proceeded with according to law.