(1) Plat made by parish surveyor for John W. Waddell.

(2) Plat showing lands claimed by the plaintiff.

(3) Plat showing lands claimed by the defendant.

Of course, it is essential for plaintiff to show title in Leclair from the government, and that such title embraced the lands in dispute. Defendant claims that the titles of several of its authors covered parts of Spanish section 44, and that they had paid the taxes for which the property was sold in 1893 and 1906.

In the absence of the alleged patent, and of governmental plats of survey, and a survey of the locus in quo, we are unable to decide on the record before us the material issues involved in this litigation.

It is therefore ordered that this cause be remanded for further evidence and proceedings according to law; costs to abide the final result.

---

(60 South. 636.)

No. 19,216.

MITCHELL v. MURPHY.

(Jan. 6, 1913.)

*(Syllabus by the Court.)*

GARNISHMENT (§ 65*)—PROCEEDINGS TO PROCURE—ORDER OF COURT.

Where plaintiff sues out a writ of attachment and asks that certain persons named in the petition shall be served and cited to answer interrogatories therein propounded, no order of court is necessary to be issued addressed to the garnishees. Code Prac. art. 263; Parmely v. Bradbury, 13 La. 351; Elder v. Rogers, 11 La. Ann. 606; Sturges v. Kendall, 2 La. Ann. 566; Harris v. Bank of Mobile, 5 La. Ann. 538.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 136; Dec. Dig. § 65.*]

Appeal from First Judicial District Court, Parish of Caddo; Edgar W. Sutherlin, Judge.

Action by W. M. Mitchell against James Murphy. From the judgment plaintiff appeals. Reversed.

Hall & Jack, of Shreveport, and J. H. Shepherd, of Vivian, for appellant. Joseph H. Levy and Alexander & Wilkinson, all of Shreveport, for appellee.

SOMMERVILLE, J. Plaintiff sues defendant for a settlement of an alleged partnership which was formed for the purpose of drilling oil wells in the Caddo oil field, and plaintiff prays for judgment against defendant in the sum of $5,400. He prays for writs of attachment and garnishment to issue, and that defendant, Murphy, and two other corporations, naming them, be cited to answer certain questions propounded in the prayer of the petition. Service was made upon all of these parties, and one of the garnishees has answered.

Defendant, Murphy, appeared and filed several exceptions, and in the event that said exceptions were overruled, he asks, in the alternative, that the writs of garnishment be declared null and void, for the reason that the orders for same are signed by the clerk of the court, where it was not shown that the judge of the court was absent from the parish.

There was judgment decreeing that the motion to quash the writs of garnishment be sustained, and said writs were quashed. The exceptions filed by the defendant were overruled, as appears from the reasons for judgment found in the record.

Plaintiff appeals from the judgment of the court setting aside the writs of garnishment issued in the case; but defendant does not appeal from the judgment of the court overruling the exceptions filed by him, and he has not answered the appeal, asking for the reversal of the ruling of the court on his exceptions.

There are three appeals taken to this court from the rulings of the trial court in this case, and there is an answer filed by defendant to the appeal taken by the plaintiff from the final judgment in defendant's favor; but this answer has reference only to the amount allowed by the jury and the judgment of the court on the reconventional demand of defendant.

We shall at this time confine our consideration to the record No. 19,216, which involves the correctness of the ruling of the trial court in setting aside the writs of garnishment issued in the cause.

We have seen that the petition in the cause presents a money demand against defendant, coupled with an application for the issuance of the writs of attachment and garnishment; and that the questions to be propounded to the garnishees are embodied in the petition; and that copies of this petition have been served upon defendant and the garnishees, calling upon them to answer same; and that the garnishees have not been ordered to appear in open court on a fixed day to answer the interrogatories served upon them.

The irregularities complained of by defendant are that the orders for garnishment process to issue were signed by the clerk of court, when there was no allegation or affidavit to the fact that the judge of the court was absent from the parish; and that the clerk had no right to act in the premises without such showing having first been made.

The law with reference to the issuance of garnishment process is to be found in article 263, C. P., which provides

"If the garnishee, to whom interrogatories have been put, refuse or neglect to answer the same under oath in the delay of the law, such refusal or neglect shall be considered as a confession as his having in his hands the property belonging to the debtor, sufficient to satisfy the demands made against such debtor, and judgment shall be rendered against him for the amount claimed by the debtor, with interest and costs."

The quoted provision of law makes no mention whatever of the issuance of an order by the court. In the absence of such provision, we have held heretofore that where the petition contains questions to be answered, and the petition has been regularly served upon the garnishee, an order for the process to issue was unnecessary. The following decisions are decisive of the point raised: Parmely v. Bradbury, 13 La. 351; Elder v. Rogers, 11 La. Ann. 606; Sturges v. Kendall, 2 La. Ann. 566.

The district judge appears to have based his judgment upon the terms of Act No. 75 of 1884, which provides that additional powers shall be granted to the clerks of court throughout the state, the parish of Orleans excepted; wherein it is provided, in the absence of the judge from the parish, or of his recusation, or inability to act, the clerk may grant orders of garnishment under writs of fieri facias. But the said act does not amend the Code of Practice, as interpreted by the decisions of this court, and make an order necessary for a garnishment process to issue when the interrogatories are contained in the petition, and which petition was regularly served upon the garnishee. The court takes cognizance of the custom of the issuance of orders for garnishment process, and it is likely that the legislators had this custom in mind when Act No. 75 of 1884 was adopted, and gave to the clerks the right to sign such orders in the absence of the judge from the parish. But that is not an amendment of the Code of Practice so as to make the issuance of orders for garnishment process necessary in all cases.

There is error in the judgment appealed from, and it is annulled, avoided, and reversed; cost of appeal to be paid by the appellee.