SOMMERVILLE, J.
Plaintiff and defendant entered into a verbal contract of partnership for an indefinite time, and there is a disagreement between them as to the terms thereof and as to the date of dissolution. Neither party was to furnish any money to the partnership stock. Plaintiff was to lend his credit to the firm for obtaining supplies, and defendant was to furnish the skill and labor to carry on the work. They engaged in the business of drilling oil wells, and the drilling rig with which they were to operate was bought on credit, and was subsequently paid for by the firm.
Plaintiff has filed two suits against defendant. In the first he alleges that $5,400 is due to him by defendant “for the balance due on the settlement of a partnership which was conducted by petitioner with said Murphy in drilling oil wells in the Caddo oil field.” He also caused a writ of attachment to issue, and certain parties to be garnished. These writs are disposed of in two judgments, numbered 19,216 (60 South. 636) [1] and 19,295 (60 South. 674),[2] handed down this day.
In the second suit plaintiff again alleged that the partnership had been dissolved, and, if not, he asked that it be dissolved, and that he have judgment for one-half of $29,000.00. He also caused a writ of sequestration to issue, which writ was dissolved on motion, and he subsequently obtained another writ of sequestration, which was disposed of at the same time with the merits of the case.
Defendant answered, admitting the partnership in one oil rig, which had drilled several oil wells; that plaintiff had received large sums of money during the 13 months of the existence of the partnership; that same was dissolved about August 1, 1911; and that a full settlement had been made about that time by his paying to plaintiff the sum of $2,000. Defendant reconvened and claimed $2,000 in damages.
. Plaintiff subsequently asked for trial by jury, which was ordered. There was verdict and judgment in favor of defendant, dismissing plaintiff’s demand, with costs, and for $2,000 in favor of defendant and against plaintiff on the reconventional demand.
Plaintiff has appealed, and defendant answers the appeal and asks that the judgment on his reconventional demand be increased.
The questions presented are of facts only.
[1] Plaintiff relies mainly upon his own testimony, which is most contradictory and unreliable. That the partnership was dissolved is sworn to by defendant, and his testimony is supported by that of several witnesses. It is supported also by the testimony of plaintiff, who admitted that he had notified the machinery companies not to let defendant have any more machinery on his (plaintiff’s) guaranty. This was a formal withdrawal by plaintiff of his sole asset in the partnership stock. He had only agreed to let the partnership use his credit with the machinery companies; and when this credit was withdrawn, his partner consenting thereto, he withdrew from the partnership.
Plaintiff testifies that no money was paid to Rim on the dissolution of the partnership; *1043 that there had not been a settlement. In this he is contradicted by the positive testimony of defendant, which is supported by that of Robert F. Petty, who was present at the time of the settlement, heard the terms thereof discussed, and saw the check for $2,000 paid by defendant to plaintiff. Defendant’s testimony is further supported by that of I. N. Winn, president of the Bank of Mineral Wells, Tex., to whom plaintiff told, in referring to the money then in his possession:
“I got it in a partnership settlement with Jim Murphy.”
[2] The record contains much testimony which is unnecessary to be reviewed and discussed. There were disagreements between the parties which led up to the dissolution. During the 13 months of its existence the firm name had to be changed from Mitchell & Murphy to James Murphy. Plaintiff was also a member of other firms engaged in drilling oil wells. This partnership between plaintiff and defendant was for the working of only one rig for drilling oil. And when defendant bought a second rig for his individual account the plaintiff and one of his other partners sold that rig to defendant. But when plaintiff filed his second suit against defendant he claimed one-half of the proceeds from the work done by this second rig. The evidence is quite clear that this second rig was the exclusive property of defendant. Plaintiff stated such to be the case to several witnesses who testified on the trial.
[3, 4] The jury awarded defendant $2,000 on his reeonventional demand, and defendant asks that the judgment be increased. We are not disposed to disturb the verdict of the jury. The writ of attachment and one writ of sequestration were dissolved prior to the trial of the case on its merits. Attorney’s fees may be collected for these services from plaintiff as damages suffered because of the issuance of those two writs, say, in the sum of $400. There is over $12,000 which has been held under those writs since September 11, 1911, upon which interest is due. Then there were actual damages proved in the sum of several hundred dollars. Other damages were testified to, but they were not clearly proved.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed, at appellant’s costs.

Ante, p. 977.

Ante, p. 1033.