———o———

No. 6043.

## JULIUS MEYER vs. OSOLINE CHEMICAL COMPANY, LIMITED.

### Syllabus.

1. Corporations cannot act judicially *"in propria persona,"* and a pleading filed on behalf of a corporation, is defective, when it names neither officer nor agent, nor counsel through whom the appearance is made.

2. In judicial proceedings, when names are required, initials do not supply their place; they designate no particular person.

— 203 —

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 106,498. Hon. G. H. Theard, Judge.

H. W. Robinson, for plaintiff and appellee.

James McConnell, Jr., for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff brought suit, and defendant was duly cited. On the very day a default became due, but before the opening of Court, some unnamed, unidentified, messenger presented to the Clerk and asked to have filed a dilatory exception in which the corporation attempted to appear in propria persona; that is to say, said pleading contained the name of the corporation only, in the body thereof, and was signed with the name of the corporation "per M. B.," presumably the initials of some one's name that one being also unnamed and unidentified.

This exception, the Clerk refused to receive, on the ground that it was not "certified by the counsel filing the same" in accordance with the new practice Act (No. 157 of 1912), and the docket appearing clear a default was taken.

On the day following the taking of the default the exception was again presented in the same form and through the same channel, and this time was received and filed by the Clerk.

Two days afterwards the default was confirmed and judgment was entered against defendant; and on the same day the defendant appeared through counsel with a motion to show cause why the exception filed by defendant "in propria persona" (sic) should not be filed nunc pro tunc as of the time when it was first offered.

Pending the trial of this rule, the judgment was signed, and subsequently the rule was made absolute.

Thereafter defendant appealed, complaining that "the default was taken and confirmed without any disposition of said previously filed exception."

The exception was properly disregarded. Corporations cannot act judicially in propria persona, C. P., 112; C. C., 438; and hence a proceeding filed on behalf of a corporation, is defective, when it names neither officer, nor agent, nor counsel, through whom the appearance is made.

**Insce. Oil Tank Co. vs. Scott, 33 An., 946, 950.**

And in judicial proceedings, when names are required, initials do not supply their place; they designate no particular person.

**Lee vs. Rice, 12 La., 254; Conery vs. His Creditors, 115 La., 807.**

Judgment affirmed.

Opinion and decree, April 20th, 1914.

Rehearing refused, May 18th, 1914.

Writ denied, June 30th, 1914.