No. 989

First Circuit

THOMPSON v. MICHELLI

(May 3, 1932. Opinion and Decree.)

Shelby Taylor, of Baton Rouge, attorney for plaintiff, appellee.

R. F. Walker and Jos. A. Loret, of Baton Rouge, attorneys for defendant, appellant.

ELLIOTT, J. The plaintiff, designating himself as V. L. Thompson, claims of the defendant, Bruno Michelli, the sum of $396.75, with legal interest thereon, on account of work done for defendant as brickmason. He further claims the existence of a privilege in his favor on the house constructed, and prays for its recognition and enforcement in order to make sure of the payment of the amount due on account of said work.

The defendant, Michelli, was duly cited and appeared, but we are prevented from considering the case further than the ruling of the lower court on an exception which Michelli filed to plaintiff's petition in limine litis, designated as an exception of vagueness, but which is in fact based on plaintiff's failure to state in his petition his Christian name. Defendant timely objected to the failure, but the court overruled the exception. Defendant, under reserve thereof, then further excepted on another ground, which was also overruled, and then, under reserve of his exception, filed an answer. The case was then tried on its merits, resulting in a judgment in favor of the plaintiff for $267.75; recognizing the existence of a privilege on the property on which the plaintiff had worked, and ordered its enforcement, etc.

Defendant has appealed and urges on appeal his exception that plaintiff's petition does not mention his name.

The law, Code Practice, art. 172, provides:

"The petition * * * must mention * * * the name, surname and place of residence of the plaintiff."

The petition gives the initial letters V.

L. and states the surname, but that is not a compliance with the law. This identical question was before the Supreme Court nearly a hundred years ago. In the case Lee & Hardy v. Rice et al., 12 La. 254, the court said:

"The Code Practice, article 172, No. 1, requires that the petition contain the name and surname of the plaintiff. In that under consideration, the plaintiff, Hardy's surname is only given. We have only, the initials P. A., instead of his other or Christian name. These letters may signify Peter Anthony, Paul Andrew, or any other names having the same initials. This is not a sufficient compliance with the law: and the District Court, in our opinion, erred in disregarding the defendant's exception in this respect."

The court then proceeded to reverse the judgment and remand the case, etc. In bringing the present suit, the plaintiff should have stated his name, ordinarily called his Christian name, and, when he was called on by defendant by means of his exception to do so, he should have been required to furnish his name by the lower court. It was error to overrule the exception, and, after an attentive examination, we find that the judgment appealed from must be set aside and the case remanded on that account.

For these reasons, the judgment appealed from is annulled, avoided, and set aside, the exception mentioned is sustained, and the case is remanded to the lower court, with leave to the plaintiff to amend his petition so as to state his Christian name as required by the Code of Practice. Upon compliance with the law in the matter mentioned, the case may be then proceeded with in the lower court in due course and in the manner and form provided by law. The plaintiff-appellee to pay the cost of appeal; the cost in the lower court to abide the final result of the suit.