## MOSS v. JOHNSON.
### No. 5720.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Cleveland Dear, of Alexandria, for appellant.

Moss & Cantwell, of Winnfield, for appellee.

DREW, Judge.

This is an action on a promissory note. There was exception to the sufficiency of the petition in that it did not set out the name and surname of plaintiff. Defendant also filed an exception of vagueness because plaintiff did not allege when he came into possession of the note sued on. These exceptions were overruled by the lower court, the minutes showing the following:

"Exceptions are overruled as the information requested was orally furnished by plaintiff. Plaintiff informs the court that he purchased the note in question between the 4th and 6th day of January, 1937."

Reserving his rights under the exceptions, defendant answered, and the case was tried on its merits, resulting in judgment for plaintiff as prayed for. Defendant prosecutes this appeal and strenuously urges here the exception to the insufficiency of plaintiff's petition.

The petition gives the initials "A. A." of plaintiff's name, but nowhere does it give his Christian name. The exception was filed in limine litis and should have been sustained with the right of plaintiff to amend his petition. The lower court, however, overruled the exceptions and was in error in so doing. Code of Practice, article 172, in plain language states what a petition must contain, and one of the essentials is that the name, surname and place of residence of plaintiff must be given. A case directly in point is Thompson v. Michelli, 19 La.App. 778, 141 So. 466. In that case the court said:

"The petition gives the initial letters V. L. and states the surname, but that is not a compliance with the law. This identical question was before the Supreme Court nearly a hundred years ago. In the case Lee & Hardy v. Rice et al., 12 La. 254, the court said: 'The Code Practice, article 172, No. 1, requires, that the petition contain the name and surname of the plaintiff. In that under consideration, the plaintiff,

Hardy's surname is only given. We have only the initials P. A., instead of his other or Christian name. These letters may signify Peter Anthony, Paul Andrew, or any other names having the same initials. This is not a sufficient compliance with the law; and the District Court, in our opinion, erred in disregarding the defendant's exception in this respect.'"

For these reasons, the judgment appealed from is annulled, avoided, and set aside, the exception mentioned is sustained, and the case is remanded to the lower court, with leave to the plaintiff to amend his petition so as to state his Christian name as required by the Code of Practice. Upon compliance with the law in the matter mentioned, the case may be then proceeded with in the lower court in due course and in the manner and form provided by law. The plaintiff appellee to pay the cost of appeal; the cost in the lower court to abide the final result of the suit.