### VINCE v. BURNS et al.
### No. 2033.

Court of Appeal of Louisiana. First Circuit. Dec. 20, 1939.

736

Jos. A. Gladney, of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellees.

LeBLANC, Judge.

This is a suit for damages to plaintiff's automobile which he claims was run into by the car belonging to Joseph W. Burns and Mrs. Joseph W. Burns, his wife, both of whom he has made defendants, on Sunday, November 13, 1938, in the intersection at Main and Dufrocq Streets in the City of Baton Rouge. The Burns car was being driven at the time by Mrs. Burns. The demand is for the sum of $121.56 of which amount, $115.06 is for repairs to the automobile and $6.50 for towing charges.

Plaintiff alleges that he was driving south on Dufrocq Street and that he stopped his car for the red traffic light at Main Street, and that when the light changed to green he started again and proceeded in the intersection. That when he was at a point approximately two-thirds across, the defendants' car, driven by Mrs. Burns, going east on Main Street, entered the intersection at a high and dangerous rate of speed without regard for the traffic light and ran into his car at about its center on the right side. He alleges that the force of the impact drove his car against another automobile belonging to and being driven by one R. E. Claudey.

which was going south on Dufrocq Street. He further alleges that Mrs. Burns was driving at a speed in excess of forty miles per hour in violation of the Ordinance of the City of Baton Rouge which he specially pleads.

Plaintiff seeks to hold Joseph W. Burns, the husband, liable, on the ground that the automobile belonged to the community existing between himself and his wife and that Mrs. Burns was operating it for their joint benefit, she being either specially or impliedly authorized to use and drive it.

A joint answer filed on behalf of both defendants admits that a collision occurred in the intersection between the two cars but it is alleged that it was not caused by the negligence of Mrs. Burns but by that of the plaintiff in driving against the traffic light. Defendants also deny that the car Mrs. Burns was driving belonged to the community existing between her and her husband and that she was driving the same for its joint benefit, but avers that the car was her own separate property and that at the time of the accident she was going home from church, driving for her own benefit and purpose. Assuming then the position of a plaintiff in reconvention, Mrs. Burns sets out that in the collision which was caused solely by the gross negligence of the plaintiff, her car was damaged to the extent that it cost $36.37 to have it repaired and that moreover she sustained personal injuries for which she is entitled to recover $500 as damages against the plaintiff. She therefore prays for judgment in reconvention against the plaintiff in the sum of $536.37 with legal interest.

Plaintiff filed a motion to strike out the reconventional demand of Mrs. Burns as the amount involved therein was in excess of that with which the trial court is vested with jurisdiction. This motion was sustained and apparently the ruling of the court has been acquiesced in as no further mention thereof has been made.

Upon the issues as thus made, the case was tried in the lower court. Near the end of the trial, it developed from certain testimony that the plaintiff's given or Christian name is not Charles, but Vincent. Further testimony showed however that Charles Vince and Vincent Vince are one and the same person and that the plaintiff is equally, if not better known, as Charles or Charlie Vince than Vincent Vince. Before submission of the case however counsel for defendants filed an exception of no

cause of action, whereupon plaintiff, under leave of the court, filed a supplemental petition in which he sought to correct the discrepancy by averring that whilst he was christened in the Catholic Church by the name of Vincent Vince as an infant, when he was about thirty days old, all the people who know him, his friends, family and the public generally have called him Charles or Charlie Vince. Defendants moved to strike out this supplemental petition but were overruled, and the court then proceeded to render judgment in favor of the plaintiff under the name of Vincent (Charles) Vince and against the defendant Mrs. Joseph W. Burns, in the full amount prayed for. Plaintiff's demand as against Joseph W. Burns was rejected and so was the reconventional demand of Mrs. Burns. The latter only has appealed.

■ The appellant contends that the lower court erred in not dismissing the plaintiff's suit on her exception of no cause of action for, as it appears, it is not the suit of a real party in interest but that of a fictitious person. In support of that contention we are referred to Article 172 of the Code of Practice which requires that the petition of a plaintiff mention his name, surname and place of residence. Two decisions are cited in which the question here presented was involved, namely, De Renzes v. His Wife, 115 La. 675, 39 So. 805, 2 L.R.A.,N.S., 1089, 5 Ann.Cas. 893, and Thompson v. Michelli, 19 La.App. 778, 141 So. 466, but in neither do we find the issue to have been raised by an exception of no cause of action. In the first of these two cases it does not appear from reading the opinion how the issue concerning the discrepancy in plaintiff's name arose, but we find nevertheless that the court did not dismiss the plaintiff's suit but remanded the case to afford him an opportunity to offer evidence on the subject, a proceeding not required in this case as the discrepancy has already been cleared up or explained by sufficient testimony. In the second case, the issue was presented to the court by the dilatory exception of misnomer, filed in limine, which apparently is the proper procedure to follow. See Parmely v. Bradbury, 13 La. 351; Taylor v. Littell, 21 La.Ann. 665.

■ In the present case the exception of no cause of action clearly was not the proper form of pleading as the petition clearly expressed a cause of action in the name of Charles Vince, who admittedly is the party who sustained the damages sought to be recovered. It became known rather accidentally that he had been christened and used the name of Vincent also. The testimony as we have already indicated sufficiently explained the discrepancy, if it could be called such, and it was as a measure of precaution, we presume, that the supplemental petition was filed in order to meet the exception. This supplemental petition, in our opinion, did not have the effect of altering the substance of the plaintiff's demand. The demand remained exactly the same as in the original petition and the court could, in its discretion, permit the amendment. Code Prac. Art. 419. We find no error therefore in the court's action in overruling the motion to strike out the supplemental and amended petition.

■ On the merits there is a simple issue of fact presented on which the vast preponderance of testimony amply supports the finding of the trial judge that the collision was caused by the failure of Mrs. Burns to observe the traffic light at the intersection, or that if she did observe it, by her negligence in entering the intersection at the moment, when she should have waited for the light to change from "red" to "green" as she faced it, in violation of the City Ordinance, and this too, after the plaintiff's car and that of R. E. Claudey were proceeding across.

Mr. and Mrs. Claudey reside in Chicago and are strangers in Baton Rouge. They are altogether disinterested witnesses. They both testify that they were traveling north on Dufrocq Street and that on arriving at Main Street they waited for the traffic light which was red to change before they proceeded. It was raining at the time. When the light changed, they started across the intersection and had not gone more than three feet when they saw the Burns car proceeding east in the intersection. The Vince car was two-thirds of the way across the intersection going south, when it was struck by the Burns car, the force of the impact shoving it into the right front side of their car. The Burns car continued some twenty feet beyond the intersection after the collision. Mr. Claudey further stated that Mrs. Burns, in a conversation with them after the accident, acknowledged her fault and said that she would send her husband to see him and Vince about it.

738

The testimony of these two witnesses was taken by deposition before the trial of the case. We find their testimony to be corroborated by that of the plaintiff, that of Sam Marina, a guest in plaintiff's car at the time of the accident and also that of Louis Kleinpeter who was standing on a corner at the intersection. Two Police officers, called to the scene of the accident, testify that Mrs. Burns admitted to them that she did not see or was not paying attention to the traffic light. Against all of this testimony there is only that of Mrs. Burns and her nephew, a child ten years old who was in the car with her, to the effect that when she entered the intersection the traffic light, as it faced her, was showing green and that it changed as she was proceeding across and the collision occurred when she had nearly completed her crossing. It is impossible for the court to accept her testimony and that of her young nephew against the vast preponderance of testimony otherwise.

The lower court having properly disposed of the issues presented in the case, the judgment appealed from is affirmed; appellant to pay all costs.