## DAVIDSON v. DAVIDSON et al.
### No. 6058.

Court of Appeal of Louisiana. Second Circuit.

Nov. 29, 1940.

Goff, Goff & Caskey, of Arcadia, for appellant.

Meadors & Gensler, of Haynesville, for appellees.

DREW, Judge.

Since this suit was dismissed below on an exception of no cause and no right of action, we deem it advisable to quote in full the petition filed by the plaintiff:

"I. That he has been appointed and confirmed as, and is the duly qualified and acting administrator of the Succession of his deceased father, L. M. Davidson, as will be shown by the proceedings in the matter of 'Succession of L. M. Davidson, Deceased', No. 1497, Probate Docket, Claiborne Parish, Louisiana, the letters of administration issued to him being made part hereof by reference.

"II. That his father left at the time of his death both separate and community property, consisting of real estate and personal property, rights and credits, part of which was a crop of cotton, corn, hay and other agricultural products, grown on the farm by his said father during the crop year 1938; and that an inventory of the property, at least most of same, was made on application of your petitioner in connection with his appointment as administrator.

"III. That the succession was involved, owing a large number of debts, some secured and others unsecured, and there was a crop lien and pledge against the crops belonging to said estate; that the debts due by said estate are all due by the community existing between the deceased and his surviving wife, Mrs. Laura May Davidson; and that it will require a sale of all the personal property, rights, credits and most, if not all, the community real estate to pay said debts due by said community and estate, all of which are still due and unpaid.

"IV. That your petitioner, C. O. Davidson, and a brother of the whole blood, V. B. Davidson, are sons of said L. M. Davidson by his first wife, who is deceased; that Mrs. Martee Rhea, wife of W. D. Rhea, Atkins Davidson, a major, and Dewey Davidson, a minor, are children of their said father by his marriage to Mrs. Laura May Anderson; and that petitioner and the other children are the sole heirs of said L. M. Davidson, deceased, and have inherited the entire interest in all property belonging to his separate estate, and an undivided one-half interest in all community property, subject to the debts of said community; and that the heirs, as well as the creditors of said estate, have an interest in your petitioner, as administrator, having all the community property, rights and credits, and the proceeds thereof, in case of sale, applied to the payment of the debts of said succession before making any encroachment upon the property belonging to the separate estate which owes no debts.

"V. That Mrs. Laura May Davidson and her major children refused, failed and neglected to take any legal steps toward opening the said succession of L. M. Davidson at the time or after his death, and let it remain in the state of vacant succession, until your petitioner, finding that none of them would cause said succession to be opened or administered, in order to protect the rights of the creditors against intermeddlers in said succession, to prevent a dissipation of the property and funds of the estate and to protect the creditors of said estate, as well as the rights of the heirs of his said father and his separate estate, on or about November 12, 1938, made application to be appointed administrator, under which application he was appointed as hereinabove alleged.

"VI. That Mrs. Laura May Davidson, her brother, Monroe Anderson; her brother-in-law, Jim Nolen; and C. V. Palmer, who held a crop lien and certain other notes as collateral security against a debt due by the community existing between petitioner's father and Mrs. Laura May Davidson, have intermeddled in said succession and in a conspiracy entered into by and among themselves have taken certain property belonging thereto and sold same and converted the proceeds to their own use, without any authority in law or in good conscience, and are justly and legally indebted in solido unto your petitioner, as administrator of said estate for the value thereof, all as will be hereinafter more particularly set out and alleged.

"VII. That the said Mrs. Laura May Davidson, Monroe Anderson and Jim Nolen collected from the U. S. Government, under its Soil Conservation Program, $180.00 as a subsidy, or a difference in the sale price of cotton and the price fixed by the Government; $104.00 and an additional $13.00 for some item not known to this petitioner; and that they carried 21 bales of cotton belonging to said succession, grown during the year 1938, from the farm in Claiborne Parish to Bernice, Louisiana, and sold said cotton on or about September 30, 1938, and October 13, 1938, respectively, for the sum and price of $925.08 and have converted the said money collected and proceeds of cotton sold to their own use.

"VIII. That as the holder of liens on the crop of L. M. Davidson grown during the years 1937 and 1938, the said C. V. Palmer entered into an agreement of conspiracy with Mrs. Laura May Davidson, her said brother and said brother-in-law, whereby the checks for the cotton were made payable to Mrs. L. M. Davidson and 'V. M. Palmer' and the checks were endorsed by Mrs. L. M. Davidson and the payee 'V. M. Palmer' was endorsed by C. V. Palmer and were turned over to Jim Nolen and Monroe Anderson, which checks have been collected and the funds dissipated by them for the purpose of defrauding the estate of L. M. Davidson, his heirs, the creditors of his estate and the community without any authority or right in law to so do.

"IX. That the said checks, cotton and the proceeds thereof amounting to $1,-222.08 were taken by the said Mrs. Laura

May Davidson, Monroe Anderson, Jim Nolen and C. V. Palmer for the purpose of converting same to their own use, which they have done, to deprive the heirs of said L. M. Davidson and his creditors thereof, and to force the real estate of both the community and the separate estate of L. M. Davidson to be sold for the purpose of paying said debts and in order that they and the said Mrs. Laura May Davidson might be enriched in the said amount at the expense of the succession, its creditors and the heirs; and that they owe and are justly and legally indebted unto your petitioner, in solido, as the legal representative of the said estate, in the full sum of $1,222.08, with legal interest thereon from October 1, 1938, until paid, and for all costs of this suit.

"X. Petitioner alleges amicable demand without avail.

"Wherefore, petitioner prays for service of this petition and citation according to law upon the defendants, Mrs. Laura May Davidson, Monroe Anderson, Jim Nolen and C. V. Palmer, and after due and legal proceedings had that he have judgment against them, in solido, for the full sum of $1222.08, with 5% per annum interest thereon from October 1, 1938, until paid and for all costs of this suit. He prays for all orders and decrees necessary in the premises and for general and equitable relief."

Mrs. Laura May Davidson, Monroe Anderson and J. S. Nolen, three of the defendants, filed exceptions of no right and no cause of action to the above petition. These exceptions were sustained by the lower court and plaintiff is prosecuting this appeal.

It is clear from a reading of the above petition that plaintiff proceeded upon the theory that the succession involved was a vacant succession and the defendants were intermeddlers.

Vacant Succession is defined in Article 1095, Revised Civil Code, as follows: "A succession is called vacant when no one claims it, or when all the heirs are unknown, or when the known heirs to it have renounced it."

The allegations of the petition deny the facts necessary to make the succession a vacant one, therefore Article 1100 of the Revised Civil Code, fixing the liability of intermeddlers of a vacant succession, has no application here. But the petition does allege that the named defendants have illegally taken property belonging to the succession and disposed of it and converted the proceeds derived therefrom to their own use, and the plaintiff, who is the administrator of the succession in this suit is seeking to have said property or funds so converted returned to the succession.

Articles 1147 and 1049, Revised Civil Code, define the duties of an administrator and it is his right and duty to sue for the return of the property illegally taken from the succession, as alleged in the petition. Therefore, regardless of the erroneous theory under which plaintiff was proceeding, the petition in this respect in our opinion does set forth a cause of action.

Defendants also contend that the petition is insufficient to state a cause of action for the reason the residence of the defendants is not given, as is required by Article 172 of the Code of Practice. The petition fails in this respect to comply with said Article.

Plaintiff contends that the exception of no cause and no right of action is not the proper exception under which to raise this question. The proper exception no doubt is to the sufficiency of the petition where the Christian name of plaintiff is not given. Moss v. Johnson, La.App., 182 So. 375.

However, the courts have sustained the issue when raised under an exception of vagueness. Thompson v. Michelli, 19 La. App. 778, 141 So. 466.

And in a case where it was raised in answer, Lee & Hardy v. Rice et al., 12 La. 254.

We can readily see that a different rule might apply where the residence of the defendant is not alleged but there seems to be no certain and definite rule thereon. It is certain that the petition is insufficient in that respect but it can be cured by amendment.

The judgment of the lower court is therefore reversed and the case remanded to the lower court with leave to plaintiff to amend his petition by giving the place of residence of the defendants. Cost of appeal to be paid by plaintiff and all other costs to abide the final determination of the suit.