DOUCET, Judge.
Plaintiff-lessor in this case petitioned the trial court for damages concomitant to a decree that the lease granted to the defendant permitting exploration for and removal of gravel on his property had been breached and was void. The trial court found the defendant had complied with all terms of the lease and accordingly, dismissed plaintiff’s suit. From that judgment plaintiff appeals.
*1149 The major thrust found in appellant’s assignment of error is the contention that the lease contained a potestative condition. Although the “theory of the case” doctrine has long been abolished in this state, plaintiff must still sufficiently set forth facts in his petition that will give the opposing party adequate notice of defenses which must be asserted. Cox v. Heroman, 298 So.2d 848 (La.1974); Greer v. Rohrer, 346 So.2d 1290 (La.App. 3rd Cir. 1977). Plaintiffs petition does not set forth any facts which would tend to notify the defendants that they intended to argue the lease was null because of a potestative condition. Use of the word “therefore”, followed by the term “failure of cause”, all found in paragraph 3 of the petition, only referred the defendants to the allegations previously mentioned in the petition, i. e., the items which plaintiff claimed constituted a breach of the lease.
It was within the province of the trial judge to allow any amendment to the pleading which he deemed proper. LSA-C.C.P. Article 1151. The judge did not abuse his discretion in refusing to consider plaintiff’s argument at trial attempting to enlarge his pleadings by showing the existence of a potestative condition. In our decision we likewise must limit ourselves to a consideration of those matters properly in the record before us. LSA-C.C.P. Article 2164. Nevertheless, we note that any potestative condition would have been cured by the defendant’s opening of a gravel pit. Lee v. Abernathy, 19 So.2d 670 (La.App. 2nd Cir. 1944); see also, Quality Materials of Tangipahoa v. Labarama, Inc., 361 So.2d 1285 (La.App. 1st Cir. 1978).
The record fully supports the court’s finding that all rentals were timely paid, that the minimum amount of gravel was removed from the premises and that the defendants did not mine gravel beyond the boundary of the leased premises. Since the required showing of manifest error is absent, we must sustain the judgment finding the terms of the lease were not breached by the defendant. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the reasons assigned above, we affirm the judgment of the trial court. All costs of this appeal are assessed against plaintiff-appellant.

AFFIRMED.