376 So.2d 340 (1979)
Andrew GOAD, Plaintiff-Appellee,
v.
Johnnie MAY et al., Defendants-Appellants.
No. 7029.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
*341 Reeves & Owens, Jack F. Owens, Jr., Harrisonburg, for defendants-appellants.
H. James Lossin, Jr., Griffing & Scott, George Griffing, Jonesville, for plaintiff-appellee.
Before CULPEPPER, SWIFT and DOUCET, JJ.
DOUCET, Judge.
This is an appeal from a judgment of the district court, sustaining an exception of no right and no cause of action. Andrew Goad initiated this suit to recover for labor and money expended in preparing certain land located in Catahoula Parish to be farmed. His petition alleges that the land had been verbally leased to him by defendants, Johnnie May and Ruth Cox May, for the year 1978. He further alleges that he was not allowed to farm the land in 1978, due to the fact that it had been sold by the Mays to defendants, Glenn C. Roark and Curtis D. Roark, and that he is, therefore, entitled to damages and attorney's fees under LSA-R.S. 9:3203. In the alternative, he alleges that the defendants have been unjustly enriched at his expense.
The Mays and the Roarks filed separate answers, asserting that the plaintiff is not entitled to the relief sought, and praying that his suit be dismissed. Both answers also contained third party demands, the Roarks being made third party defendants in the Mays' demand and vice versa. The relief sought by the latter demands is indemnification for any amount ultimately found to be owed to Andrew Goad as a result of this suit.
The Roarks thereafter filed an exception of no right and cause of action to both the principal demand and the Mays' third party demand. The district court sustained the exception as to both. Plaintiff has not appealed that ruling, however, the Mays have, asserting that plaintiff's petition does set forth a valid cause of action against the Roarks based on the theory of unjust enrichment. The Roarks have answered, seeking damages for frivolous appeal.
We note at the outset that since Andrew Goad, the plaintiff in the principal demand, has not appealed, the judgment dismissing the principal demand against the Roarks is now final. Therefore, the only issues presently before us are (1) whether or not the trial court was correct in sustaining the Roarks' exception to the Mays' third party demand, and (2) whether or not the Roarks are entitled to damages for frivolous appeal.
Looking to the Mays' third party demand, we find no allegations of fact on which their claim is based. It simply sets forth the conclusion that if Andrew Goad is *342 successful in acquiring a judgment against the Mays, they are entitled to a judgment against the Roarks for an equal amount. An incidental demand must be initiated by a petition that sets forth a claim with the same precision as would be required in a petition filed originally for the same cause of action. LSA-C.C.P. Arts. 891 and 1032; Cvitanovich v. Sorli, 347 So.2d 1204 (La. App. 1st Cir. 1977); Lewis Chevrolet Company v. Whitener, 122 So.2d 880 (La.App. 1st Cir. 1960).
Although the "theory of the case" doctrine was abolished long ago in this state, we have retained a system of fact pleading, which is set forth in our Code of Civil Procedure. LSA-C.C.P. Arts. 854, 891, 1003 and 1004. A plaintiff must allege in his petition specific facts in support of his claim in order to establish a cause of action. Lott v. Haley, 370 So.2d 521 (La.1979); Porter v. Smith, 368 So.2d 1148 (La.App. 3rd Cir. 1979).
As we noted earlier, the Mays' third party demand contains no allegations of fact. We have, therefore, concluded that their petition was deficient, and that the trial court correctly sustained the exception of no cause of action. We now turn to the question of whether the Roarks should be awarded the damages which they seek for frivolous appeal.
Appeals are favored in our law. We are, thus, reluctant to impose the penal provisions of LSA-C.C.P. Art. 2164, which provides for the award of damages for frivolous appeal. Such damages will be awarded only when it manifestly appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Moity v. Busch, 368 So.2d 1134 (La. App. 3rd Cir. 1979); Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir. 1976).
This appeal presented a rather complex procedural problem. Despite the fact that the appellant's brief consists of less than one page, we cannot say that penalties for frivolous appeal are clearly due here in light of the standard set out above. The request for damages for frivolous appeal is, therefore, denied.
For these reasons, the judgment of the district court sustaining the appellee's exception of no cause of action and dismissing the appellant's third party demand against them is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.