BERNARD N. MARCANTEL, Judge Pro Tem.
The issue presented by this appeal is whether the trial judge was correct in granting an exception of prescription.
On April 14, 1986, Franklin Rice (hereinafter plaintiff) filed a complaint with the Office of the Insurance Commissioner against Dr. G. Douglas Sagrera (hereinafter defendant). On October 31, 1989, plaintiff received service of the opinion of the Medical Review Panel.
Plaintiff filed a document in the Sixteenth Judicial District Court on January 3, 1990, alleging malpractice and other unethical acts against defendant for the birth of Jason Talbot Rice at Iberia General Hospital. Plaintiff filed a supplemental and amending petition on March 23, 1990, disclosing the particular facts upon which the claim was based. The petition further alleged that plaintiff was acting on behalf of his minor child, Jason, and as power of attorney for Jeanne P. Rice.
A preliminary hearing was held on August 31, 1990. In his written reasons for *223 judgment, the trial judge found that the document filed by plaintiff on January 3, 1990 was not a “petition” under La.C.C.P. art. 891 and, therefore, did not interrupt prescription. A formal written judgment was signed on November 5, 1990. It is from this judgment that plaintiff has appealed. We affirm.
LAW
Plaintiff claims that the trial court erred in granting defendant’s exception of prescription, as the plaintiffs timely, handwritten, pro-se petition prevented the tolling of prescription despite de minimus form defects, which were corrected by the filing of a supplemental and amending petition.
La.C.C.P. art. 891[1] sets forth the form of a petition as follows:
“The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.”
After a review of the document filed by plaintiff on January 3, 1990, we find that it does not comply with La.C.C.P. art. 891. The trial judge was correct in finding that the document filed by plaintiff failed to state the domicile of the parties, did not make a concise statement of the object of the demand or material facts, and did not contain a prayer for judgment for the relief sought.
Although a petition which does not allege domicile is insufficient, it can be cured by amendment. Davidson v. Davidson, 199 So. 447 (La.App. 2 Cir.1940). However, we find that the document is not a “petition” due to plaintiffs failure to include the object of demand or material facts and a prayer for judgment for relief sought. A plaintiff must allege in his petition sufficient facts in support of his claim in order to establish a cause of action. Lott v. Haley, 370 So.2d 521 (La.1979); Porter v. Smith, 368 So.2d 1148 (La.App. 3 Cir.1979), writ den., 369 So.2d 1377 (La.1979); Goad v. May, 376 So.2d 340 (La.App. 3 Cir.1979). Plaintiffs document states no allegations of fact on which his claim is based.
La.R.S. 40:1299.47 A states that the filing of a request for a review suspends the time within which a suit must be instituted until ninety days following notification of the opinion of the medical review panel by certified mail. The supplemental and amending petition was filed on March 23, 1990. Plaintiff received notification of the opinion on October 31, 1989. Since more than ninety days had passed prior to the filing of the supplemental and amending petition, plaintiffs suit had prescribed.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Franklin Rice, Sr.
AFFIRMED.

. This is the article that was in effect when this pleading was filed. La.C.C.P. art. 891 has been amended by Acts 1990, No. 521, § 2, effective January 1, 1991, and Acts 1991, No. 48, § 1.