442 So.2d 1314 (1983)
Dale J. BELLARD, Plaintiff-Appellee,
v.
SAFEWAY INSURANCE COMPANY, Defendant-Appellant.
No. 83-357.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1315 Sandoz, Sandoz & Schiff, Lawrence B. Sandoz, III, Opelousas, for defendant-appellant.
David L. Carriere, Opelousas, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Dale J. Bellard filed suit against his insurer, Safeway Insurance Company, for payment of his medical expenses and property damage as a result of an automobile accident. The trial court rendered judgment in favor of Bellard and against Safeway in the amount of $809.78 representing his unpaid medical bills and property damage with twelve (12%) percent statutory penalties and $650.00 as attorney fees. Safeway appeals the award of statutory penalties and attorney fees. Bellard answers the appeal seeking damages for a frivolous appeal and an increase in attorney fees. We amend and affirm as amended.
We find that the trial court was not manifestly erroneous in awarding penalties and attorney fees; that Bellard is entitled to an additional award of attorney's fees in the sum of $500.00 for handling this appeal; and that the appeal taken by Safeway was not frivolous.

*1316 The issues on appeal are as follows:
1. Whether the trial court erred in finding that Safeway's actions were arbitrary and capricious;
2. Whether the trial court's award of attorney's fees is sufficient; and
3. Whether Safeway's appeal was frivolous.

FACTS
On December 7, 1981 a vehicle driven by Charlotte Weinstein struck the rear of Bellard's 1982 Toyota Turcel. At the time of the accident, Bellard's vehicle was insured with a Safeway policy which provided coverage for medical payments and collision loss. As a result of the accident, Bellard sustained physical injuries and property damage. On December 23, 1981 Bellard notified Safeway in writing of the accident and requested reimbursement of $105.85 in medical expenses he incurred. In the last week of December, Mr. Dan Burkhalter, Safeway's representative, spoke with Bellard's attorney concerning the property damage. In that conversation Mr. Burkhalter was informed that the vehicle was being repaired at Acadian Toyota.
On March 8, 1982 Burkhalter forwarded a Safeway draft to Bellard in the sum of $105.85 for medical expenses. On the reverse side of the draft appeared endorsement language granting Safeway full and final settlement of all claims. Bellard returned the draft contending it was unacceptable because of the endorsement language. Burkhalter stated in a memo to Bellard's attorney that he (Burkhalter) would treat the draft as a partial payment for the medical expenses incurred since Safeway would not issue a draft without the endorsement language. Bellard filed suit for payment of his medical expenses and property damages. The matter was tried on July 7, 1982 approximately six (6) months after demand for payment. Safeway has made no payment to Bellard under its insurance policy.

PENALTIES & ATTORNEY'S FEES
The first issue is whether the trial court's award of penalties and attorney's fees against Safeway is manifestly erroneous.
LSA-R.S. 22:658 provides that penalties of twelve (12%) percent on the total amount of the loss together with reasonable attorney's fees for the prosecution and collection of the loss are to be awarded when the insurer fails to make payment within sixty (60) days after receipt of proof of loss, when such failure is found to be arbitrary, capricious or without probable cause.
Safeway acknowledges that Bellard's claim for medical payments and collision damages is due. However, Safeway contends that it did not act arbitrarily or capriciously for the following reasons: their draft accompanied with the written and verbal guarantee of Safeway's agent represented a partial payment under LSA-R.S. 22:658; Bellard's refusal to execute a subrogation agreement provided Safeway with reasonable grounds to withhold payment; and, finally, Safeway was not sufficiently supplied with a proof of loss of the property damage.
The draft which Safeway presented to Bellard for payment of his medical bills contained a printed endorsement which incorporated "full release" language. Notwithstanding Safeway's representations that this draft only constituted partial payment, under this state's jurisprudence if the insured conditions its offer to pay an undisputed amount on the insured's acceptance thereof in full settlement, it is not a "tender" within the contemplation of LSA-R.S. 22:658, since it is not absolute and unconditional. Witherwax v. Zurich Insurance Company, 315 So.2d 420 (La.App. 3rd Cir.1975).
Safeway contends that since Bellard refused to execute a subrogation agreement in its favor it was reasonable in withholding payment. We reach a different conclusion. Where there is a subrogation stipulation in an insurance contract, subrogation takes place automatically at the time of payment as an incident to the policy. Continental Cas. Co. v. Canadian Universal Ins. Co., 605 F.2d 1340 (5th Cir. *1317 1979), certiorari denied 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1979); State Farm Fire & Casualty Co. v. Sentry Indemnity Co., 346 So.2d 1331 (La.App. 3rd Cir.1977). Therefore, Bellard's acceptance of an unconditioned payment would have activated the subrogation provisions of Safeway's policy.
Lastly, Safeway contends that it was not supplied with sufficient proof of loss of Bellard's property damage. We disagree. Bellard reported the claim to his insurance agent by visiting his office the day after the accident. Safeway was notified of the date and location of the repair of Bellard's auto prior to the completion of the work. Finally, Safeway never requested to physically examine the Bellard vehicle as provided in its insurance contract.
Therefore, we conclude that the trial court's finding that Safeway was arbitrary and capricious was not manifestly erroneous.
The second issue concerns the amount of attorney's fees. Bellard contends that the award of attorney's fees should be increased substantially from that awarded by the trial court. The record does not support the contention that the trial court abused its discretion. We do, however, find that the handling of this case on appeal required additional time and labor. As a result we will allow an additional $500.00 in attorney's fees.

FRIVOLOUS APPEAL
The last issue is whether Safeway's appeal was frivolous. Bellard contends that he is entitled to damages because Safeway used the appeal process as a delay tactic.
Appeals are favored in our law. We are reluctant to impose the penal provisions of LSA-C.C.P. Art. 2164 which provide for the award of damages for frivolous appeal. Such damages will be awarded only when it manifestly appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Goad v. May, 376 So.2d 340 (La. App. 3rd Cir.1979).
This appeal involved a penal statute. In light of the standard set out above we cannot say that penalties for frivolous appeal are clearly due here.
For the above and foregoing reasons the judgment of the trial court is amended by fixing the attorney's fees at $1,150.00. In all other respects the judgment is affirmed. Costs of this appeal are assessed against Safeway Insurance Company.
AMENDED AND AFFIRMED AS AMENDED.