LABORDE, Judge.
Mr. and Mrs. Tommy Cotton filed this proceeding to recover proceeds under a policy of fire insurance along with certain penalties and attorney fees. After trial on the merits, the district court rendered judgment in plaintiffs’ favor against the defendant. Both parties appeal the judgment. We affirm and amend to award an additional $1,500.00 in attorney fees.
FACTS
On December 18, 1982, fire totally destroyed the home of Mr. and Mrs. Tommy Cotton. At the time, Mr. and Mrs. Cotton were living separate and apart, with Mr. Cotton living alone in the home. The defendant insurer was notified of the loss on or around December 21.
On January 7, 1983, documents requiring completion by the Cottons were mailed to them by the insurer. On February 15, the Cottons sent the insurer a formal notice of loss. Two columns of material information had been omitted from the notice of loss forms. Defendant returned the uncompleted documents to the Cottons, who completed and returned them on March 22, 1983.
On April 25, 1983, the defendant mailed two checks to the plaintiffs: one for $53,-000.00, representing the policy limits on the dwelling coverage, and one for $20,000.00, representing the insurer’s determination as to the value of the contents of the house. The check for the dwelling loss was cashed on May 5, 1983. The other check (for contents loss) was rejected and returned to the insurer on July 29. The plaintiffs simultaneously submitted a claim for Mr. Cotton’s dislocation expenses in the amount of $1,300.00 per month, representing the rent on a 10' X 30' trailer on Bushley Bayou. When both of these claims were rejected (the insurer requesting additional information on the dislocation expenses), plaintiffs sued for the policy limits on contents loss ($26,500.00), for the policy limits on loss of use ($10,600.00), and for various penalties, interest, and attorney fees. Pursuant to LSA-R.S. 22:658 [1], the district court ren *299 dered the following judgment for the plaintiffs: a) a 12% penalty on the $53,000.00 dwelling loss claim together with legal interest from the date of judicial demand; b) $23,000.00 plus a 12% penalty thereon for contents loss, together with legal interest from the date of judicial demand; c) $2,000.00 for loss of use of the dwelling (dislocation expenses) together with legal interest from the date of judicial demand; and d) $3,500.00 in attorney fees together with legal interest from the date of judicial demand.
PENALTY ON THE DWELLING LOSS CLAIM
The defendant first alleges that its exception of res judicata, filed after the plaintiffs cashed the $53,000.00 check, was improperly overruled. We disagree. It is true that the release language on that check would bar plaintiffs from pursuing additional dwelling loss proceeds under the policy. Indeed, they have already received the policy limits for such loss. But we distinguish, as did the trial judge, between the right to proceeds, which arises from the policy, and the right to penalties and attorney fees, which arises from the statute. The plaintiffs settled for proceeds; they did not release the defendant from its liability under the statute for penalties and attorney fees.
Defendant next alleges that its handling of the dwelling loss claim was neither arbitrary nor capricious, and that the penalty provisions of the statute were improperly applied. Defendant would have us compute the sixty-day delay created by LSA-R.S. 22:658 beginning March 22, for it was not until that date that plaintiffs submitted properly completed claims forms for the contents loss. The trial judge properly re-jected this argument on the strength of Deville v. Louisiana Farm Bureau Mutual Insurance Company, 378 So.2d 457 (La.App. 3rd Cir.1979), which observes that actual notice by an insurer of loss exceeding the amount of coverage relieves the policy holder from filing a formal proof of loss. Computing the sixty-day delay from December 21, it is readily apparent that the insurer in this case failed to timely tender payment for the dwelling loss. We find no error in the trial judge’s ruling.
CONTENTS LOSS
Defendant next complains that the trial court erred in awarding $23,000.00 for contents loss. The court computed the award by applying a 25% depreciation factor to the plaintiffs’ total claim for contents loss. Defendant’s specific argument is that the trial court had before it no evidentiary basis for depreciating the contents only 25% and that $20,000.00 will sufficiently compensate the plaintiffs for the claim. The judge acknowledged, as do we, that assessing depreciation is, necessarily, an arbitrary process. He noted that the plaintiffs took very good care of their property. There was testimony establishing that even the insurer never applies a depreciation factor greater than 50%, regardless of the condition of the contents. The trial judge’s ruling was not, therefore, manifestly erroneous.
We also conclude that the imposition of penalties and attorney fees on the award for contents loss was proper, indeed required, under the statutory and decisional law. Defendants argue that the judge, after remarking from the bench that he had found, to that point, nothing arbitrary or capricious in the insurer’s handling of the contents loss claim, erroneously applied *300 the penalty provisions of the statute to the contents loss claim. It is true that the insurer offered to settle the contents loss claim within sixty days of the claim. It is also true that the insurer’s offer of $20,-000.00 was very near the amount ultimately awarded. Nonetheless, our cases consistently hold that an insurer cannot avoid imposition of penalties and attorney fees if it fails to make, an unconditional tender of a sum clearly due under the policy. The proffered $20,000.00 check contained an endorsement which incorporated full release language. If the insurer conditions its offer to pay an undisputed amount on the insured’s acceptance thereof in full settlement, there is no “tender” within the contemplation of LSA-R.S. 22:658, since it is not absolute and unconditional. Witherwax v. Zurich Insurance Company, 315 So.2d 420 (La.App. 3rd Cir.1975); Bellard v. Safeway Insurance Company, 442 So.2d 1314 (La.App. 3rd Cir.1983). Since no true tender was ever made, defendant is liable for a 12% penalty on the total amount ($23,000.00) of the loss. We find no error in this portion of the trial judge’s ruling.
The Cottons, in their own appeal, argue that attorney fees should have been awarded for the contents loss claim. We agree with the trial judge that the $3,500.00 award for attorney fees in connection with the dwelling loss claim was sufficient for the prosecution of the lawsuit at the trial level.
DISLOCATION EXPENSES
The plaintiffs attempted to demonstrate to the Court that Mr. Tommy Cotton paid or was going to pay $1,300.00 per month as rent on a mobile dwelling, measuring 10' X 30', located on the banks of the Bushley Bayou. “Quite frankly,” wrote the trial judge, “this is an outrageous demand on behalf of Mr. Cotton, and to attempt to prove such to this Court is an insult.” The Cottons apparently are of a different mind, for they now reurge the $1,300.00 per month claim, and further pray that it run for two years. The evidence reflects that mobile homes in the relevant area could be rented for as little as $150.00, and that rent on a mobile home lot would cost about $35.00. We therefore find no error in the trial judge’s generous award of $200.00 per month for ten months.
We find no error in the lower court’s disposition of any issue of fact or law. Plaintiffs answered the appeal praying for an increase of attorney fees on appeal. We find that the prosecution of this appeal required additional time and labor. We therefore award an additional $1,500.00 in attorney fees.
For the above and foregoing reasons, the judgment of the trial court is amended to award plaintiffs an additional $1,500.00 in attorney fees and affirmed as amended. Costs of this appeal are taxed to the defendant-appellant.
AMENDED AND AFFIRMED.

. "All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without *299 probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney’s fees."