595 So.2d 384 (1992)
PETROCANA, INC., Plaintiff-Appellant,
v.
WILLIAM H. KENNY CONSULTANTS, LTD., Defendants-Appellees.
No. 90-898.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Gordon T. Whitman, Lafayette, for plaintiff-appellant.
Ottinger & Gates, Patrick S. Ottinger, Lafayette, for defendants-appellees.
Before DOUCET, KNOLL and HOOD[*], JJ.
*385 DOUCET, Judge.
This appeal arises from an action by Petrocana, Inc. (Petrocana) to be declared the owner of a 5% overriding royalty interest (ORRI) in certain mineral leases owned by William H. Kenny Consultants, Ltd. (Kenny Consultants).
Petrocana claims ownership based on an agreement with Flynn Energy Corp. (Flynn). On November 7, 1989, Petrocana filed a suit to be declared owner of the ORRI. In its petition, Petrocana made the following allegations of fact. On February 11, 1985, Petrocana and Flynn executed a letter of agreement creating an area of mutual interest. It was agreed that Petrocana would have a 5% ORRI in any leases acquired by Flynn within that area of mutual interest. At the time of the execution of the agreement, the leases in question were owned by Margo, Inc. William H. Kenny, as vice-president of Flynn, negotiated to buy the leases. Kenny Consultants, a corporation controlled by William Kenny, bought the leases from Margo, Inc. Petrocana was told by the president of Flynn that Kenny Consultants would take the leases as a "nominee" for Flynn. As a result, Petrocana alleges that it is entitled to a 5% ORRI and made written demand on Kenny Consultants for this.
In response to the suit, Kenny Consultants filed several exceptions including an exception of no cause of action. The trial court sustained the exception of no cause of action. Petrocana appeals. Kenny Consultants answered asking for damages for frivolous appeal.

NO CAUSE OF ACTION
This court in Robinson v. North American Royalties, Inc., 463 So.2d 1384, 1386 (La.App. 3rd Cir.1985), modified 470 So.2d 112 (La.1985), stated with regard to the use of the exception of no cause of action that:
"The exception of no cause of action is a procedural device pleaded to raise the question of whether any remedy is afforded by law. Peloquin v. Calcasieu Parish Police Jury, 367 So.2d 1246 (La. App. 3rd Cir.1979).
"The purpose of the exception of no cause of action is to test the legal sufficiency of the pleadings. Well pleaded facts alleged in the petition are taken as true. If any reasonable construction of the alleged facts could lead to possible legal recovery, the exception must be overruled. Normally, evidence may not be considered for the purposes of sustaining an exception of no cause of action. The exception can be sustained only when the allegations, as stated in the petition, affirmatively establish that no relief can be granted under the law."

Ford Motor Credit Company v. Soileau, 357 So.2d 563 (La.App. 3rd Cir. 1978) [Citations omitted]."
The trial court correctly stated in its reasons for judgment that the plaintiff's petition failed to state a cause of action because it alleged no written agreement obliging Kenny Consultants to assign the ORRI to Petrocana.
Mineral rights are immovables. Guy Scroggins v. Emerald Exploration, 401 So.2d 680 (La.App. 3rd Cir.), writ denied, 404 So.2d 1257 (La.1981). La.R.S. 31:2, 16 & 18. As a result, any agreement affecting title to mineral rights must be in writing. In the absence of an allegation of a written agreement to which Kenny Consultants was a party, the petition fails to state a cause of action against Kenny Consultants.
Further, the petition states that Kenny Consultants bought the property as a "nominee" for Flynn. The term "nominee" has been defined by the jurisprudence of this State as a mandatary. Evergreen Plantation, Inc. v. Zunamon, 291 So.2d 414 (La.App. 2nd Cir.1974). If Kenny Consultants was acting as a mandatary for Flynn, then Flynn, not Kenny Consultants, would own the leases. Under those circumstances, we know of no authority which would allow Kenny Consultants to be held responsible for Flynn's failure to comply with its agreement with Petrocana.
Accordingly, the trial judge correctly found that the petition fails to state a cause of action.

*386 FRIVOLOUS APPEAL
In its answer to Petrocana's appeal, Kenny Consultants has asked for damages for frivolous appeal. In Bellard v. Safeway Ins. Co., 442 So.2d 1314, 1317 (La.App. 3rd Cir.1983) this court stated that:
"Appeals are favored in our law. We are reluctant to impose the penal provisions of LSA-C.C.P. Art. 2164 which provide for the award of damages for frivolous appeal. Such damages will be awarded only when it manifestly appears that the appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit. Goad v. May, 376 So.2d 340 (La.App. 3rd Cir.1979)."
We find nothing in the record or the briefs which convinces us that this appeal was taken solely for delay or that appealing counsel does not believe in the position he is advocating. We cannot say that penalties for frivolous appeal are clearly due.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Petrocana.
AFFIRMED.
NOTES
[*] Honorable Warren E. Hood, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.