Jay DICKERSON, Appellant,

v.

Angela DAVIS, Darrel Davis and Debbie Davis, Appellees.

No. 07–95–0322–CV.

Court of Appeals of Texas, Amarillo.

May 24, 1996.

Rehearing Overruled July 10, 1996.

Smith & Stone, Robert H. Smith, Amarillo, for Appellant.

Tom Curtis, Gregory Don Sherwood, Austin, for Appellees.

Before DODSON, BOYD and QUINN, JJ.

DODSON, Justice.

On appeal, Jay Dickerson (Dickerson) asserts the trial court erred in denying his motion for summary judgment based upon the affirmative defense of official immunity. In his sole point of error, Dickerson claims the summary judgment evidence and the undisputed facts in this case establish such affirmative defense as a matter of law. We conclude, under the requirements for official immunity enunciated in *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653–54 (Tex. 1994), Dickerson did not establish as a matter of law that his allegedly wrongful actions were committed while performing a discretionary function. We therefore affirm the trial court's denial of the motion.

In the summer of 1992, both Dickerson and Angela Davis were employed by the City of Amarillo to work at the Southeast Park Swimming Pool. Dickerson worked as a lifeguard, and Angela was a concession worker. On June 28, 1992, Angela closed the concession stand at about 6:00 p.m. and left work. Dickerson and another lifeguard (Velasquez) stayed after hours to work as lifeguards for a private pool party. Angela returned at approximately 7:00 p.m. to eat with Dickerson and Velasquez. After eating, Dickerson occupied a lifeguard stand at the shallow end of the pool, and Velasquez occupied a stand near the deep end of the pool.

Dickerson invited Angela to sit with him on the stand. She seated herself facing away from Dickerson on the platform just below and in front of the lifeguard chair, so that his feet were directly behind her. Dickerson later "nudged" Angela from her seat with his feet, and she fell. She entered the pool head first in a tuck position and at a steep angle.

Angela's head struck the bottom of the pool, causing a fracture to her neck.

Angela and her parents, Darrel and Debbie Davis, filed suit against Dickerson and the City of Amarillo, alleging negligence of both Dickerson and the City, and claiming the City was liable under the Texas Tort Claims Act. Dickerson filed a motion for summary judgment based upon the affirmative defense of official immunity, which the trial court denied. From that denial, Dickerson appeals.

■ Generally, no appeal may be taken from the denial of a summary judgment. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex. 1980). However, a person may appeal from an interlocutory order of a district court which "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. . . ." Tex.Civ.Prac. & Rem. Code Ann. 51.014(5) (Vernon Supp.1996); *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex.1993). As Dickerson's claim is brought pursuant to this exception, we will consider the merits of the appeal.

Dickerson claims the trial court erred because the summary judgment evidence and the undisputed facts in the case establish his affirmative defense of official immunity as a matter of law. We disagree.

■ To obtain a summary judgment, the movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548 (Tex.1985). When seeking summary judgment on an affirmative defense, a defendant must conclusively prove each element of the defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Evidence favoring the nonmovant will be taken as true, and all reasonable inferences will be resolved in favor of the nonmovant. *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d at 548–49.

■ Official immunity is an affirmative defense that shields government employees from suits arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d at 653. The burden is on the defendant to establish all elements of the defense. *Id.* The Davises pleaded, and the other parties appear to agree, that Dickerson was acting within the scope of his authority. Therefore, the issues raised in the motion for summary judgment, and challenged on appeal, concern only whether Dickerson was performing a discretionary duty and whether he was acting in good faith.

In connection with the first requirement under *Chambers*, Dickerson asserts that he is entitled to immunity because his "duties as a lifeguard encompassed discretionary authority," as they involved significant personal deliberation requiring him to "use his judgment and to make decisions as to whether to render aid or assistance to swimming pool patrons, and the manner or method of providing such aid or assistance." We disagree.

■ Contrary to Dickerson's assertion that we should determine whether the duty was discretionary by looking only to the general duty of a lifeguard (to render assistance, and to choose the manner of that assistance), the Supreme Court has determined that the focus should be on whether the employee is *performing* a discretionary duty at the time the error occurred. *City of Lancaster v. Chambers*, 883 S.W.2d at 653. This focus requires more than a review of the employee's broad job description in order to determine the nature of the duty. Otherwise, following Dickerson's assertion to its logical conclusion, an employee could be officially immune for any actionable wrong committed while "working" regardless of the circumstances surrounding the error.[1]

Dickerson nevertheless analogizes his situation to cases involving high-speed chases by police officers, and concludes that just as

---

1. For example, assume a police officer violated the speed limit or ran a red light, and caused a traffic accident without having any justification for breaking the law. Under Dickerson's interpretation, because the officer's general duty was to render assistance to, and protect the public, that officer would be protected under the doctrine of official immunity.

those actions have been held to be discretionary, so are his actions in rendering aid and assistance to pool patrons. Dickerson's position is fundamentally distinguishable from the cases upon which he relies for support. Those cases, in line with our Supreme Court's determination, speak to an official's errors committed while actively engaged in the furtherance of the discretionary duty (*i.e.,* pursuing a suspect in a high-speed chase, stopping and/or arresting an individual). *See City of Lancaster v. Chambers,* 883 S.W.2d 650 (Tex.1994) and cases cited therein; *Rhodes v. Torres,* 901 S.W.2d 794 (Tex. App.—Houston [14th Dist.] 1995, no writ).

Regarding Dickerson, and assuming arguendo for the purpose of this discussion that rendering aid to swimming pool patrons is a discretionary duty, he failed to prove he was performing, or in any way acting in furtherance of, that duty when Angela was injured. It is undisputed that at the time of the injury, there was little or no activity occurring in the shallow end of the pool. Therefore, not only were his actions in direct contravention of established pool rules and procedures,[2] Dickerson allowing Angela to sit on the lifeguard stand with him, and "nudging" her off of the stand while participating in what he called horseplay, cannot be said to have occurred while in furtherance of the duty relied upon by Dickerson to satisfy the discretionary duty requirement.

Furthermore, the trial court's denial of Dickerson's summary judgment is correct for an additional reason. Even if we assume that Dickerson could have shown his actions were committed in furtherance of a discretionary duty, he failed to do so as a matter of law. The only summary judgment evidence relied upon by Dickerson to establish that the duty was discretionary, was his own affidavit which provided in pertinent part:

> I considered that I was performing discretionary functions as an employee on behalf of the City of Amarillo on that evening because my duties as a lifeguard involved

my personal deliberation, decision, and judgment. I was routinely called upon as a lifeguard to make judgments and decisions as to whether to render aid or assistance to swimming pool patrons, and the manner or method of providing such aid or assistance.

An affidavit containing conclusory statements unsupported by facts is not competent summary judgment proof. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Aside from Dickerson's statement of his general duty as a lifeguard, (which is inapplicable as discussed above), the portion of the affidavit relating to whether Dickerson was performing a discretionary duty is no more than a mere conclusory statement, and lacks the necessary factual specificity to entitle him to summary judgment.

Because we conclude Dickerson did not establish as a matter of law that his actions were taken in performance of a discretionary duty, we need not address the second requirement of *Chambers,* that being, whether his actions were taken in good faith. For the reasons stated above, we overrule Dickerson's sole point of error.

Accordingly, we affirm the trial court's order denying the motion for summary judgment.

---

**2.** The undisputed summary judgment evidence shows that one of the posted pool rules stated, "No Swimmers or personal visitors allowed on Lifeguard stands," and the *Preventive Lifeguarding* manual shown to Dickerson prior to the accident contained instructions emphasizing that lifeguard stands were for the use of lifeguards only, and that horseplay, including shoving, was not permitted.