NO. 07-08-0387-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2009
______________________________

THE BEVERLY FOUNDATION, 

                                                                                                 Appellant

v.

W. W. LYNCH, SAN MARINO, L. P. and SOFAMCO, INC., 

                                                                                                 Appellees
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 58,074-A; HON. HAL MINER, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          The Beverly Foundation (a non-profit corporation) appeals from a summary
judgment denying it recovery against W. W. Lynch (Lynch), San Marino, L.P. (San Marino),
and Sofamco, Inc. (Sofamco). The dispute concerns a purported oil and gas drilling
venture from which Beverly was excluded, contrary to an alleged oral agreement. Per the
oral agreement, Sofamco was to convey to it a 1/8 working interest in the oil and gas
leases the venture acquired. Beverly eventually sued the aforementioned parties for fraud,
breached fiduciary duty, and conspiracy.


 As relief, it sought a constructive trust,
exemplary damages, and attorney’s fees. Thereafter, each of the defendants filed 
traditional or no evidence motions for summary judgment. Beverly responded with its own
motion for partial summary judgment. The trial court granted those of the defendants
without specifying the grounds upon which it acted and denied that of Beverly. The latter
now attacks the judgment via four issues. We overrule each and affirm.
          Summary Judgment For San Marino and Lynch
          We start our review by addressing the demand for a constructive trust. The latter
is a form of equitable relief. Ginther v. Taub, 675 S.W.2d 724, 728 (Tex. 1984). It is not
an independent cause of action, however, but rather a remedy. In re Estate of Arrendell,
213 S.W.3d 496, 504 (Tex. App.–Texarkana 2006, no pet.). Because it is a remedy, one
seeking it first must have a cause of action warranting its imposition. Troxel v. Bishop, 201
S.W.3d 290, 297 (Tex. App.–Dallas 2006, no pet.).
          Beverly believed itself victimized by the alleged fraud, breached fiduciary duty and
conspiracy of its three opponents and, therefore, entitled to a constructive trust. The
motion for summary judgment filed by Lynch and San Marino addressed each of those
possible causes of action. Nonetheless, Beverly has restricted its appellate efforts to the
allegation of breached fiduciary duty. That is, it does not assert that the trial court erred
in rejecting its causes of action sounding in fraud or conspiracy. So, we too restrict our
focus to that topic as well.
           Beverly’s first appellate foray into the breach involved San Marino. The latter
allegedly was not entitled to summary judgment because it “offered no evidence to support
its argument” that it lacked a fiduciary or confidential relationship with Beverly. Instead,
according to Beverly, San Marino “attempt[ed] to improperly place the burden on Beverly
of proving its claims in response to a Motion for Summary Judgment.” And, since San
Marino failed to proffer any evidence negating an element of Beverly’s claim, no judgment
could have been entered. These arguments could have merit had San Marino filed only
a traditional motion for summary judgment. But, it did not. It also sought one on the basis
that Beverly had “no evidence” to prove either the existence of a fiduciary relationship, a
breach of that relationship, or San Marino’s receipt of any proceeds “as a result of any
breach . . . .” Given the “no evidence” allegation, Beverly actually had the burden to tender
some admissible evidence illustrating the presence of each element attacked. Tex. R. Civ.
P. 166a(i) (stating that the trial court must grant a no-evidence motion for summary
judgment unless the non-movant presents evidence sufficient to create a material issue
of fact). And, its first contention is overruled.
          Next, Beverly asserted that summary judgment in favor of Lynch was unwarranted
because there existed evidence that Lynch had a confidential relationship with Abbey. 
Assuming arguendo that to be true, it is of no moment. The suit was not between Abbey
and Lynch but rather Beverly and Lynch. So, evidence of a prior relationship between
Lynch and Abbey alone is not evidence of a prior relationship between Lynch and a 
corporation for which Abbey acts as a trustee, i.e. Beverly.


 The contention is overruled. 
          Next, Beverly suggested that evidence of Lynch’s prior relationship with Abbey
constituted some evidence that San Marino had a confidential relationship with Beverly. 
This argument lacks foundation for the same reasons stated above. Furthermore, Beverly
failed to cite us to any evidence developing the legal or business relationship or connection
between Lynch or San Marino (an entity that appears to be a limited partnership). Nor did
we find any of record. Consequently, we can only guess at whether Lynch could act for,
bind, or otherwise have his acts attributed to San Marino, and that is not legitimate basis
to reverse the judgment. The contention is overruled. 
          Summary Judgment for Sofamco
          As previously mentioned, Sofamco also moved for summary judgment on Beverly’s
purported claim of breached contract.


 Through it, Sofamco alleged that there was no
evidence of 1) an agreement between it and Beverly to act as joint venturers, 2) a written
agreement to convey an interest as required by the Statute of Frauds, and 3) an agreement
capable of performance within one year of its execution. Again, the motion was granted
without the trial court specifying the grounds upon which it relied. 
          On appeal, Beverly argued that there was sufficient evidence of a joint venture
between it and Sofamco, that the Statute of Frauds was inapplicable, that Sofamco
attempted to foist upon it the burden to defeat the Statute of Frauds, and that summary
judgment was granted on causes of action outside the scope of Sofamco’s motion. We
disagree and overrule each proposition for the reasons that follow.
          Oral Joint Venture Agreement
          In attempting to illustrate how the trial court erred in denying the claim of breached
contract, Beverly actually focused upon its demand for a constructive trust. Allegedly, in
breaching the agreement, Sofamco also violated various fiduciary duties arising from the
contract. Furthermore, the contract at issue encompassed a supposed oral joint venture
agreement between Beverly and Sofamco. Per this alleged agreement, Sofamco obligated
itself to convey to Beverly a working interest in certain mineral leases. Because it failed
to do so, it not only breached the joint venture agreement but also violated the
aforementioned fiduciary duties owed to Beverly as a joint venturer. Next, violating those
fiduciary duties allegedly entitled Beverly to the imposition of a constructive trust on
Sofamco’s interest in the same leases. And, finally, because the record contained some
evidence illustrating the validity of the claims, Beverly believed the trial court was barred
from granting Sofamco a summary judgment. We disagree.  
          The argument before us was founded upon a twofold proposition. First, we were
told that Beverly “entered into an oral joint venture with [Glen] Soderstrom” and Sofamco.


 
Second, Beverly averred that it was entitled to relief “. . . as a result of the breach of the
fiduciary relationship between Abbey and [Glen] Soderstrom.” (Emphasis added). And,
to establish the accuracy of these propositions, we were referred to the affidavit of Joe
Abbey. But, our reading of that affidavit did not lead us to the same conclusions reached
by Beverly. 
          It is quite true that Abbey alluded to an oral agreement involving the formation of “a
joint venture.” Yet, according to him, the parties who “entered into” the agreement were
“The Beverly Foundation and Glen Soderstrom,” not Beverly and Sofamco. So, unless
Sofamco and Soderstrom are one and the same entity, which no one suggested or proved,
Soderstrom’s own agreement to join Beverly in a venture is not evidence that Sofamco
joined it as well. 
          That Abbey described Sofamco as Soderstrom’s “nominee” also failed to constitute
evidence that the corporation was a party to the venture. This is so because in calling the
company Soderstrom’s “nominee,” Abbey neglected to provide factual data explaining what
that term meant. Being one’s “nominee” could mean many things including that Sofamco 
was intended to be a mere recipient of some grant or conveyance. Thompson v. Meyers,
505 P.2d 680, 684 (Kan. 1973) (stating that the word nominee has more than one meaning
including that of a person who is named or designated as a recipient of a grant or
conveyance). Or, it could be that Sofamco was selected to act for Soderstrom in some
limited way. Black’s Law Dictionary 1149 (9th ed. 2009) (defining nominee as one
designated to represent another in a limited sense). So too could it mean that the parties
intended for Sofamco to be the recipient of property but otherwise insulated from the acts
of Soderstrom. See e.g. Petrocana, Inc. v. William H. Kenny Consultants, Ltd., 595 So.2d
384, 385 (La. Ct. App. 1992) (wherein Flynn designated Kenny Consultants as his nominee
to receive mineral leases acquired in furtherance of a mutual project with Petrocana and
holding that as a nominee Kenny Consultants was not responsible for Flynn’s refusal to
abide by his agreement to transfer Petrocana an overriding royalty interest in the leases). 
More importantly, none of those situations alone (even if they applied here) would allow us
to reasonably deduce that because Sofamco may have been Soderstrom’s nominee it ipso
facto agreed to join the joint venture or assume any contractual and fiduciary obligation
Soderstrom may have owed Beverly. So, without evidence developing the role of a
“nominee” or otherwise illustrating that Soderstrom had the authority to bind Sofamco,
considering Sofamco as Soderstrom’s “nominee” is a conclusion that invites utter
speculation. And, as a conclusion, it means nothing for purposes of summary judgment.


 
See Dickerson v. Davis, 925 S.W.2d 123, 126 (Tex. App.–Amarillo 1996, writ dism’d w.o.j.)
(holding that a conclusion is a statement that omits the underlying facts necessary to
support it and, therefore, is not competent summary judgment evidence). 
          Simply put, the record before us falls short of creating a material issue of fact on the
question of whether Sofamco entered a joint venture with Beverly, agreed to assume the
duties and obligations of Soderstrom in the supposed Beverly/Soderstrom venture, or had
any other kind of fiduciary relationship with Beverly. And, unless there was an agreement,
there could be no breach of it or fiduciary duties emanating from it. Thus, the trial court
legitimately held, as a matter of law, that Sofamco was entitled to summary judgment on
the claim of breached contract and constructive trust. 
          Statute of Frauds
          As for the allegation that the Statute of Frauds did not support summary judgment,
much depends upon the allegations in Beverly’s original petition. Sadly, it is not an
example of clarity. Yet, we must read it liberally, Moneyhon v. Moneyhon, 278 S.W.3d
874, 878 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (requiring that pleadings be read
liberally) and, in so construing it, we deduce that Beverly wanted a one-eighth working
interest in the mineral leases at issue. We further deduce that Beverly believed itself
entitled to the interest because Sofamco and/or Soderstrom promised to convey it under
the oral joint venture agreement. Yet, contracts for the sale of real estate are required to
be written and signed by the party to be charged. Tex. Bus. & Com. Code Ann.
§26.01(b)(4) (Vernon 2009). And, an agreement to convey a working interest in a mineral
lease is such a contract. Exxon Corp. v. Breezevale, Ltd., 82 S.W.3d 429, 437 (Tex. App.
–Dallas 2002, pet. denied); see also Long Trusts v. Griffin, 222 S.W.3d 412, 416 (Tex.
2006) (stating that a contract for the transfer or assignment of an interest in an oil and gas
lease is a real property interest subject to the statute of frauds). So, any alleged oral
agreement by Sofamco to convey the working interest Beverly demanded would be
unenforceable. Nevertheless, Beverly endeavored on appeal to escape this result by
posing two arguments. 
          Through the first, we are told that the supposed oral agreement between the parties
could be performed within one year. See Tex. Bus. & Com. Code Ann. §26.01(b)(6)
(Vernon 2009) (requiring agreements which cannot be performed within one year to be in
writing). While this could be true, the allegation does not address the requirement for a
writing when agreeing to convey interests in real property. So, this contention is
unpersuasive. 
          The second argument mentioned by Beverly consists of the proposition that
Sofamco attempted to improperly shift the burden of proof. In other words, Sofamco
allegedly had the burden to establish, as a matter of law, that the statute applied since the
Statute of Frauds was an affirmative defense. See La Cour v. Lankford Co., Inc., 287
S.W.3d 105, 110 (Tex. App.–Corpus Christi 2009, pet. denied) (holding that a defendant
who seeks to prove an affirmative defense via a motion for summary judgment has the
burden to prove the elements of the defense). Instead of carrying that burden by tendering
evidence proving the elements of the Statute of Frauds, Sofamco merely asserted that
Beverly had no evidence of a written agreement or promise. According to Beverly, this
implicitly imposed on it the burden to disprove the defense. Assuming this to be true, we
nonetheless liken the situation to that old adage about skinning a cat. Once the cat is
skinned, it does not matter how it was done for the result is the same. That too can be said
here.
          By the time Sofamco moved for summary judgment, Beverly had already filed its
own motion along with Abbey’s affidavit. As previously alluded to, Abbey established not
only that the agreement in question was oral but also that it involved the conveyance of a
working interest in a mineral lease. Consequently, the evidence required to trigger
application of the Statute of Frauds was before the court. See Knighton v. International
Business Machines Corp., 856 S.W.2d 206, 208 (Tex. App.–Houston [1st Dist.] 1993, writ
denied) (holding that where the parties file cross motions for summary judgment, the trial
court must look at the evidence tendered by both movants when deciding how to rule).
That left Sofamco in the position of merely bringing the matter to the trial court’s attention.
So, it may well be that Sofamco utilized odd procedural steps to present its allegation to
the trial court. The defense, nonetheless, was in play despite the words used in its motion
for summary judgment. Furthermore, the trial court had Abbey’s affidavit from which to
conclude, as a matter of law, that the Statute of Frauds barred recovery.
          Scope of Summary Judgment 
          We now come to the final issue proffered to secure the reversal of the summary
judgment awarded Sofamco. Through it, we are told that Sofamco’s motion failed to
encompass the claims of fraud, conspiracy and breach of the fiduciary relationship. We
overrule it as well.
          Beverly is quite correct in stating that a summary judgment cannot be granted on
causes of action omitted from the motion. Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 204 (Tex. 2002). But, that is not the situation here. In praying for summary judgment,
Sofamco asked the trial court to “set this No Evidence Summary Judgment for hearing and
at that time enter an order granting Defendant’s motion and dismissing all claims and
causes of action against Sofamco, Inc.” (Emphasis added). The parameters set by the
phrase “all claims and causes of action” must necessarily include the allegations of fraud,
conspiracy and constructive trust. If this was not so, then “all” would not mean “all.” 
          This is not to say that the motion was free of defect. Admittedly, Sofamco did not
specify the grounds or reasons why it believed itself entitled to summary judgment on the
claims of fraud, conspiracy and constructive trust. See Tex. R. Civ. P. 166a(c) (obligating
the movant to specify the particular grounds supporting summary judgment). Yet, the
record does not show that Beverly objected or specially excepted to the motion’s form or
lack of specificity. So, that complaint was waived. See Simmons v.Ware, 920 S.W.2d 438,
450 (Tex. App.–Amarillo 1996, no writ) (stating that the failure to specify the grounds for
summary judgment does not require reversal unless the party complaining of the defect
files an exception pointing out that the lack of specificity left him without adequate
information). Nor do we have before us the argument that since Sofamco omitted to
specify grounds or proffer evidence addressing those causes of action it failed to prove,
as a matter of law, its entitlement to summary judgment. Beverly simply complained that
the motion failed to include those causes of action, and that is inaccurate. 
          Having overruled each issue, we affirm the trial court’s summary judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice