NO. 07-08-0387-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2009
_____

THE BEVERLY FOUNDATION,

Appellant

v.

W. W. LYNCH, SAN MARINO, L. P. and SOFAMCO, INC.,

Appellees
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 58,074-A; HON. HAL MINER, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The Beverly Foundation (a non-profit corporation) appeals from a summary judgment denying it recovery against W. W. Lynch (Lynch), San Marino, L.P. (San Marino), and Sofamco, Inc. (Sofamco). The dispute concerns a purported oil and gas drilling venture from which Beverly was excluded, contrary to an alleged oral agreement. Per the oral agreement, Sofamco was to convey to it a 1/8 working interest in the oil and gas leases the venture acquired. Beverly eventually sued the aforementioned parties for fraud,

breached fiduciary duty, and conspiracy.[1]  As relief, it sought a constructive trust, exemplary damages, and attorney's fees.  Thereafter, each of the defendants filed traditional or no evidence motions for summary judgment.  Beverly responded with its own motion for partial summary judgment.  The trial court granted those of the defendants without specifying the grounds upon which it acted and denied that of Beverly.  The latter now attacks the judgment via four issues.  We overrule each and affirm.

### Summary Judgment For San Marino and Lynch

We start our review by addressing the demand for a constructive trust.  The latter is a form of equitable relief.  *Ginther v. Taub,* 675 S.W.2d 724, 728 (Tex. 1984).  It is not an independent cause of action, however, but rather a remedy.  *In re Estate of Arrendell,* 213 S.W.3d 496, 504 (Tex. App.–Texarkana 2006, no pet.).  Because it is a remedy, one seeking it first must have a cause of action warranting its imposition.  *Troxel v. Bishop,* 201 S.W.3d 290, 297 (Tex. App.–Dallas 2006, no pet.).

Beverly believed itself victimized by the alleged fraud, breached fiduciary duty and conspiracy of its three opponents and, therefore, entitled to a constructive trust.  The motion for summary judgment filed by Lynch and San Marino addressed each of those possible causes of action.  Nonetheless, Beverly has restricted its appellate efforts to the

---

[1] We take this time to note that the original petition and Beverly's motion for partial summary judgment were filed by Joe B. Abbey.  The latter appears to be a licensed attorney and one of Beverly's three "trustees." So too does it appear that he was instrumental in the creation of the non-profit corporation.  Nonetheless, we understand that he and the corporation have distinct legal identities.  That is, he is not the corporation, and the corporation is not him.  *See Hoffmann v. Dandurand,* 180 S.W.3d 340, 347 (Tex. App.–Dallas 2005, no pet.) (noting that a corporation is a separate legal entity from its owners or shareholders).  Yet, Abbey appears to use the two distinct identities interchangeably throughout the pleadings and motions he filed on behalf of Beverly.  Despite this, we will abide by the law recognizing that a corporation is an entity distinct from its creators or shareholders, *Schlueter v. Carey,* 112 S.W.3d 164, 169 (Tex. App.–Fort Worth 2003, pet. denied), and maintain the distinction between the two.

2

allegation of breached fiduciary duty. That is, it does not assert that the trial court erred in rejecting its causes of action sounding in fraud or conspiracy. So, we too restrict our focus to that topic as well.

Beverly's first appellate foray into the breach involved San Marino. The latter allegedly was not entitled to summary judgment because it "offered no evidence to support its argument" that it lacked a fiduciary or confidential relationship with Beverly. Instead, according to Beverly, San Marino "attempt[ed] to improperly place the burden on Beverly of proving its claims in response to a Motion for Summary Judgment." And, since San Marino failed to proffer any evidence negating an element of Beverly's claim, no judgment could have been entered. These arguments could have merit had San Marino filed only a traditional motion for summary judgment. But, it did not. It also sought one on the basis that Beverly had "no evidence" to prove either the existence of a fiduciary relationship, a breach of that relationship, or San Marino's receipt of any proceeds "as a result of any breach . . . ." Given the "no evidence" allegation, Beverly actually had the burden to tender some admissible evidence illustrating the presence of each element attacked. TEX. R. CIV. P. 166a(i) (stating that the trial court must grant a no-evidence motion for summary judgment unless the non-movant presents evidence sufficient to create a material issue of fact). And, its first contention is overruled.

Next, Beverly asserted that summary judgment in favor of Lynch was unwarranted because there existed evidence that Lynch had a confidential relationship with Abbey. Assuming *arguendo* that to be true, it is of no moment. The suit was not between Abbey and Lynch but rather Beverly and Lynch. So, evidence of a prior relationship between

3

Lynch and Abbey alone is not evidence of a prior relationship between Lynch and a corporation for which Abbey acts as a trustee, *i.e.* Beverly.[2] The contention is overruled.

Next, Beverly suggested that evidence of Lynch's prior relationship with Abbey constituted some evidence that San Marino had a confidential relationship with Beverly. This argument lacks foundation for the same reasons stated above. Furthermore, Beverly failed to cite us to any evidence developing the legal or business relationship or connection between Lynch or San Marino (an entity that appears to be a limited partnership). Nor did we find any of record. Consequently, we can only guess at whether Lynch could act for, bind, or otherwise have his acts attributed to San Marino, and that is not legitimate basis to reverse the judgment. The contention is overruled.

### *Summary Judgment for Sofamco*

As previously mentioned, Sofamco also moved for summary judgment on Beverly's purported claim of breached contract.[3] Through it, Sofamco alleged that there was no evidence of 1) an agreement between it and Beverly to act as joint venturers, 2) a written agreement to convey an interest as required by the Statute of Frauds, and 3) an agreement capable of performance within one year of its execution. Again, the motion was granted without the trial court specifying the grounds upon which it relied.

---

[2] To the extent there may be evidence that Lynch engaged in conduct with Beverly to further the purported joint venture underlying the suit, it too is inconsequential. As Beverly acknowledged in its brief, the confidential relationship underlying the suit "must exist apart and prior to the transaction made the basis of the lawsuit." *Rankin v. Naftalis*, 557 S.W.2d 940, 944 (Tex. 1977). This, coupled with Abbey's attestation that the "Beverly Foundation was incorporated in 1995 to receive ownership of . . . working interest[s]" at issue, negates any reasonable inference that there existed a confidential relationship between Lynch and Beverly apart from the venture underlying this suit.

[3] Our reading of Beverly's original petition uncovered no cause of action for breach of contract. Nonetheless, both Sofamco and Beverly proceeded below as if one was alleged. So, we will conclude that it was effectively tried by consent via a motion for summary judgment.

4

On appeal, Beverly argued that there was sufficient evidence of a joint venture between it and Sofamco, that the Statute of Frauds was inapplicable, that Sofamco attempted to foist upon it the burden to defeat the Statute of Frauds, and that summary judgment was granted on causes of action outside the scope of Sofamco's motion. We disagree and overrule each proposition for the reasons that follow.

*Oral Joint Venture Agreement*

In attempting to illustrate how the trial court erred in denying the claim of breached contract, Beverly actually focused upon its demand for a constructive trust. Allegedly, in breaching the agreement, Sofamco also violated various fiduciary duties arising from the contract. Furthermore, the contract at issue encompassed a supposed oral joint venture agreement between Beverly and Sofamco. Per this alleged agreement, Sofamco obligated itself to convey to Beverly a working interest in certain mineral leases. Because it failed to do so, it not only breached the joint venture agreement but also violated the aforementioned fiduciary duties owed to Beverly as a joint venturer. Next, violating those fiduciary duties allegedly entitled Beverly to the imposition of a constructive trust on Sofamco's interest in the same leases. And, finally, because the record contained some evidence illustrating the validity of the claims, Beverly believed the trial court was barred from granting Sofamco a summary judgment. We disagree.

The argument before us was founded upon a twofold proposition. First, we were told that Beverly "entered into an oral joint venture with [Glen] Soderstrom" and Sofamco.[4] Second, Beverly averred that it was entitled to relief ". . . as a result of the breach of the

---

[4]Glen Soderstrom formed Sofamco to operate oil and gas leases.

fiduciary relationship between Abbey and [Glen] *Soderstrom.*" (Emphasis added). And, to establish the accuracy of these propositions, we were referred to the affidavit of Joe Abbey. But, our reading of that affidavit did not lead us to the same conclusions reached by Beverly.

It is quite true that Abbey alluded to an oral agreement involving the formation of "a joint venture." Yet, according to him, the parties who "entered into" the agreement were "The Beverly Foundation and Glen Soderstrom," not Beverly and Sofamco. So, unless Sofamco and Soderstrom are one and the same entity, which no one suggested or proved, Soderstrom's own agreement to join Beverly in a venture is not evidence that Sofamco joined it as well.

That Abbey described Sofamco as Soderstrom's "nominee" also failed to constitute evidence that the corporation was a party to the venture. This is so because in calling the company Soderstrom's "nominee," Abbey neglected to provide factual data explaining what that term meant. Being one's "nominee" could mean many things including that Sofamco was intended to be a mere recipient of some grant or conveyance. *Thompson v. Meyers*, 505 P.2d 680, 684 (Kan. 1973) (stating that the word nominee has more than one meaning including that of a person who is named or designated as a recipient of a grant or conveyance). Or, it could be that Sofamco was selected to act for Soderstrom in some limited way. BLACK'S LAW DICTIONARY 1149 (9th ed. 2009) (defining nominee as one designated to represent another in a limited sense). So too could it mean that the parties intended for Sofamco to be the recipient of property but otherwise insulated from the acts of Soderstrom. *See e.g. Petrocana, Inc. v. William H. Kenny Consultants, Ltd.*, 595 So.2d 384, 385 (La. Ct. App. 1992) (wherein Flynn designated Kenny Consultants as his nominee

6

to receive mineral leases acquired in furtherance of a mutual project with Petrocana and holding that as a nominee Kenny Consultants was not responsible for Flynn's refusal to abide by his agreement to transfer Petrocana an overriding royalty interest in the leases). More importantly, none of those situations alone (even if they applied here) would allow us to reasonably deduce that because Sofamco may have been Soderstrom's nominee it *ipso facto* agreed to join the joint venture or assume any contractual and fiduciary obligation Soderstrom may have owed Beverly. So, without evidence developing the role of a "nominee" or otherwise illustrating that Soderstrom had the authority to bind Sofamco, considering Sofamco as Soderstrom's "nominee" is a conclusion that invites utter speculation. And, as a conclusion, it means nothing for purposes of summary judgment.[5] *See Dickerson v. Davis*, 925 S.W.2d 123, 126 (Tex. App.–Amarillo 1996, writ dism'd w.o.j.) (holding that a conclusion is a statement that omits the underlying facts necessary to support it and, therefore, is not competent summary judgment evidence).

Simply put, the record before us falls short of creating a material issue of fact on the question of whether Sofamco entered a joint venture with Beverly, agreed to assume the duties and obligations of Soderstrom in the supposed Beverly/Soderstrom venture, or had any other kind of fiduciary relationship with Beverly. And, unless there was an agreement, there could be no breach of it or fiduciary duties emanating from it. Thus, the trial court

---

[5]We did see a document attached to Abbey's affidavit suggesting that Soderstrom may be Sofamco's "Vice-President and General Manager." Furthermore, the document appeared to be a letter from Soderstrom to Lynch. Yet, it was unsigned and Abbey did not attest to its authenticity. Thus, it too lacks the status of competent summary judgment evidence. *Llopa, Inc. v. Nagel,* 956 S.W.2d 82, 87 (Tex. App.–San Antonio 1997, pet. denied). And, even assuming *arguendo* that Soderstrom actually held such offices, neither the affidavit nor any other evidence of record described the authority, if any, Soderstrom may have had over Sofamco because he held those positions. A title may just be a title without explanation of the authority accompanying it.

legitimately held, as a matter of law, that Sofamco was entitled to summary judgment on the claim of breached contract and constructive trust.

*Statute of Frauds*

As for the allegation that the Statute of Frauds did not support summary judgment, much depends upon the allegations in Beverly's original petition.  Sadly, it is not an example of clarity.  Yet, we must read it liberally, *Moneyhon v. Moneyhon,* 278 S.W.3d 874, 878 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (requiring that pleadings be read liberally) and, in so construing it, we deduce that Beverly wanted a one-eighth working interest in the mineral leases at issue.  We further deduce that Beverly believed itself entitled to the interest because Sofamco and/or Soderstrom promised to convey it under the oral joint venture agreement.  Yet, contracts for the sale of real estate are required to be written and signed by the party to be charged.  TEX. BUS. & COM. CODE ANN. §26.01(b)(4) (Vernon 2009).  And, an agreement to convey a working interest in a mineral lease is such a contract.  *Exxon Corp. v. Breezevale, Ltd.,* 82 S.W.3d 429, 437 (Tex. App. –Dallas 2002, pet. denied); *see also Long Trusts v. Griffin,* 222 S.W.3d 412, 416 (Tex. 2006) (stating that a contract for the transfer or assignment of an interest in an oil and gas lease is a real property interest subject to the statute of frauds).  So, any alleged oral agreement by Sofamco to convey the working interest Beverly demanded would be unenforceable.  Nevertheless, Beverly endeavored on appeal to escape this result by posing two arguments.

Through the first, we are told that the supposed oral agreement between the parties could be performed within one year.  *See* TEX. BUS. & COM. CODE ANN. §26.01(b)(6)

8

(Vernon 2009) (requiring agreements which cannot be performed within one year to be in writing). While this could be true, the allegation does not address the requirement for a writing when agreeing to convey interests in real property. So, this contention is unpersuasive.

The second argument mentioned by Beverly consists of the proposition that Sofamco attempted to improperly shift the burden of proof. In other words, Sofamco allegedly had the burden to establish, as a matter of law, that the statute applied since the Statute of Frauds was an affirmative defense. *See La Cour v. Lankford Co., Inc.,* 287 S.W.3d 105, 110 (Tex. App.–Corpus Christi 2009, pet. denied) (holding that a defendant who seeks to prove an affirmative defense via a motion for summary judgment has the burden to prove the elements of the defense). Instead of carrying that burden by tendering evidence proving the elements of the Statute of Frauds, Sofamco merely asserted that Beverly had no evidence of a written agreement or promise. According to Beverly, this implicitly imposed on it the burden to disprove the defense. Assuming this to be true, we nonetheless liken the situation to that old adage about skinning a cat. Once the cat is skinned, it does not matter how it was done for the result is the same. That too can be said here.

By the time Sofamco moved for summary judgment, Beverly had already filed its own motion along with Abbey's affidavit. As previously alluded to, Abbey established not only that the agreement in question was oral but also that it involved the conveyance of a working interest in a mineral lease. Consequently, the evidence required to trigger application of the Statute of Frauds was before the court. *See Knighton v. International Business Machines Corp.,* 856 S.W.2d 206, 208 (Tex. App.–Houston [1st Dist.] 1993, writ

9

denied) (holding that where the parties file cross motions for summary judgment, the trial court must look at the evidence tendered by both movants when deciding how to rule). That left Sofamco in the position of merely bringing the matter to the trial court's attention. So, it may well be that Sofamco utilized odd procedural steps to present its allegation to the trial court. The defense, nonetheless, was in play despite the words used in its motion for summary judgment. Furthermore, the trial court had Abbey's affidavit from which to conclude, as a matter of law, that the Statute of Frauds barred recovery.

*Scope of Summary Judgment*

We now come to the final issue proffered to secure the reversal of the summary judgment awarded Sofamco. Through it, we are told that Sofamco's motion failed to encompass the claims of fraud, conspiracy and breach of the fiduciary relationship. We overrule it as well.

Beverly is quite correct in stating that a summary judgment cannot be granted on causes of action omitted from the motion. *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 204 (Tex. 2002). But, that is not the situation here. In praying for summary judgment, Sofamco asked the trial court to "set this No Evidence Summary Judgment for hearing and at that time enter an order granting Defendant's motion and dismissing *all claims and causes of action* against Sofamco, Inc." (Emphasis added). The parameters set by the phrase "all claims and causes of action" must necessarily include the allegations of fraud, conspiracy and constructive trust. If this was not so, then "all" would not mean "all."

This is not to say that the motion was free of defect. Admittedly, Sofamco did not specify the grounds or reasons why it believed itself entitled to summary judgment on the

10

claims of fraud, conspiracy and constructive trust. *See* Tᴇx. R. Cɪᴠ. P. 166a(c) (obligating the movant to specify the particular grounds supporting summary judgment). Yet, the record does not show that Beverly objected or specially excepted to the motion's form or lack of specificity. So, that complaint was waived. *See Simmons v. Ware*, 920 S.W.2d 438, 450 (Tex. App.–Amarillo 1996, no writ) (stating that the failure to specify the grounds for summary judgment does not require reversal unless the party complaining of the defect files an exception pointing out that the lack of specificity left him without adequate information). Nor do we have before us the argument that since Sofamco omitted to specify grounds or proffer evidence addressing those causes of action it failed to prove, as a matter of law, its entitlement to summary judgment. Beverly simply complained that the motion failed to include those causes of action, and that is inaccurate.

Having overruled each issue, we affirm the trial court's summary judgment.


Brian Quinn
Chief Justice

11